[No. 1512, June 30, 1913.]

A. L. MORGAN and AMERICAN SURETY COMPANY, of New York, Appellants, v. NATHAN SALMON, Appellee.

### SYLLABUS (BY THE COURT)

1. The surety on a bond for the faithful performance by the contractor of a building contract is absolutely discharged from liability when the obligee fails to retain not less than fifteen (15%) per cent of the value of all work performed and material furnished in the performance of said contract in accordance with the terms of said bond, said surety not having consented to such alteration.

P. 80

Appeal from District Court of Santa Fe County; John R. McFie, Associate Justice; reversed and remanded.

WILSON, BOWMAN & DUNLAVY, Santa Fe, N. M., for appellants.

### BRIEF FOR APPELLANT.

The surety was released by failure of obligee to retain 15 per cent of value of work performed and materials furnished. 2 A. & E. Ann. 766, and note; First Natl. Bank of Montgomery v. Fidelity & Dep. Co., 40 So. 415, 5 L. R. A. (N. S.) 418, and note; Glenn Co. v. Jones, 146 Cal. 518; Sheldon v. American Sur. Co., 131 Fed. 210; Welsh

v. Hubbschmitt Bldg. & Wdwk Co., 61 N. J. L. 507; Taylor v. Jetter, 23 Mo. 244; St. Mary's College v. Meagher, 11 Ky. L. 112; McNally v. Merc. Trust Co., 204 Pa. 596; Wehrung v. Denham, 42 Ore. 386; Coddrey v. Hahn, 105 Wis. 445; Gate v. Warrington, 37 Fla. 542; U. S. v. American Bldg. Co., 89 Fed. 925; Fidelity & D. Co. v. Robertson, 136 Ala. 379; Prairie St. Natl. Bank v. U. S., 164 U. S. 233; Calvert v. London Dock Co., 2 Keen 638; Leghorn v. Nydell, 80 Pac. 833; Hohn v. Shidler, 164 Ind. 242; Schriber v. Worm, 164 Ind. 7; Surety Co. v. Board of Co. Commrs., 79 N. W. 649; Fidelity & G. Co. v. Construction Co., 116 Fed. 145; California Sav. Bank v. American Surety Co., 87 Fed. 118; 82 Fed. 866; Foster v. Fidelity & Cas. Co., 99 Wis. 447; Star v. Milliken, 180 Ill. 458; Electric App. Co. v. U. S. Fidelity & G. Co., 110 Wis. 434; Fidelity & Cas. Co. v. Sanders, 32 Ind. App. 448; Insurance Co. v. Brim, 11 Ind. 281; Swift & Co. v. Jones, 135 Fed. 437; Sullivan v. Fraternal Society, 73 N. Y. Sup. 1094; Guaranty Co. v. Mechanics Sav. Bank, 183 U. S. 402; Knight & Gilson Co. v. Castle, 87 N. E. 976.

The limitation of time in the bond, within which suit must be brought, was not complied with, and there was no waiver of time. Marshalltown Stone Co. v. Lewis Drach Const. Co., 123 Fed. 747; Express Co. v. Caldwell, 21 Wall. 264; Holtby v. Zane, 69 Atl. 675; Ripley v. Etna Ins. Co., 30 N. Y. 136; Peoria Ins. Co. v. Whitehall, 25 Ill. 466; China Co. v. Surety Co., 152 Ill. App. 89; Granite Bldg. Co. v. Saville, 101 Va. 217; Novelty Mill Co. v. Heinzerling, 39 Wash., 244; James Riley Supply Co. v. Smith, 177 Fed. 168; Defarconnet v. Western Ins. Co., 122 Fed. 448; Taber v. Royal Ins. Co., 124 Ala. 681; Metropolitan Acc. & Ass. Co. v. Froiland, 161 Ill. 30; Williams & McNair, 98 N. C. 332; Montreal v. St. Cunegone, 32 Can. Sup. Ct. 135; Sullivan v. Cluggage, 21 Ind. App. 667; Lonergan v. San Antonio L. Co., 101 Tex. 63; Beers v. Wold, 116 Mo. 179; Killoren v. Meehan, 55 Mo. App. 427; Eldridge v. Fuhr, 59 Mo. App. 44; Fullerton Lbr. Co. v. Gates, 89 Mo. App. 201; Chapman v. Eneberg, 95 Mo. App. 128; Burns v. Fid. Co., 96 Mo. App. 467;

Truckee Lodge No. 14 v. Wood, 14 Nev. 293; Northern Light Lodge No. 1 v .Kennedy, 7 N. D. 146; U. S. v. Freel, 92 Fed. 299; Ryan v. Morton, 65 Tex. 262; 22 L. R. A. 372.

There was no notice of default of the contractor within the stipulated time. Novelty Mill. Co. v. Heinzerling, 81 Pac. 742; Knight & Gilson Co. v. Castle, 87 N. E. 976; National Surety Co. v. Long, 125 Fed. 887.

A. B. RENEHAN, Santa Fe, N. M., for appellee.

Suit could not be commenced according to the bond. C. L. 1897, sec. 2685, sub-sec. 17; 2 Paige on Contracts, sec. 1121-1122; 2 L. R. A. Digest (1907), page 1703, sec. 3; Sterns' Law of Suretyship, sec. 255; Wallace v. Ins. Co., 41 Fed. 742; Conn. Fire Ins. Co. v. Geary, 51 L. R. A. 698; Railway Co. v. Hume Bros., 87 Tex. 218; U. S. v. Bradley, 10 Pet. 360; 2 Paige on Contracts, sec. 1123; O'Brien v. Miller, 168 U. S. 297.

The contractual limitation was unreasonable. Railway Co. v. Hume, 87 Tex. 211; Railway Co. v. Reeves, 90 Tex. 499; Railway Co. v. Harris, 67 Tex. 166; Express Co. v. Reagan, 29 Ind. 21; Express Co. v. Carpenter, 44 Ala. 103; Railway Co. v. Stanley, 89 Tex. 466; Brown v. Ins. Co., 24 Ga. 101; Goggin v. Railway Co., 12 Kans. 324; 1 Paige on Contracts, sec. 356.

Forfeiture discountenanced. Palatine Ins. Co. v. Ewing, 92 Fed. 114; Lamb v. Powder Riv. Live Stock Co., 132 Fed. 443; Steele v. Phoenix Ins. Co., 51 Fed. 722; Auspland v. Aetna Indem. Co., 81 Pac. 579; Amer. Surety Co. v. Pauley, 170 U. S. 133; Supreme Council v. Fidelity & Cas. Co., 63 Fed. 48; Bank v. Fidelity & Dep. Co., 128 N. C. 366.

Failure to withhold 15% does not release the so-called surety. Guaranty v. Construction Co., 116 Fed. 145; Leghorn v. Nydell, 80 Pac. 833; Surety Co. v. Board, 79 N. W. 649; Madison v. Engineering Co., 118 Wis. 480; Smith v. Molleson, 148 N. Y. 241; Grafton v. Hinkley, 111 Wis. 406.

Morgan v. Salmon, 18 N. M. 72.

Alterations in the contract unavailing, because not pleaded. Surety Co. v. Trust Co., 98 S. W. 403; Filbert v. Philadelphia, 37 Atl. 546; Cowles v. Guaranty Co., 72 Pac. 1033.

The nature of such contracts. Frost, Guaranty Insurance, p. 1631; Bank v. Trust Co., 80 Fed. 766; Indemnity Co. v. Woolen Mills, 92 Fed. 583; Frost, Guaranty Insurance, p. 18.

There was no person to serve. Laws 1905, p. 19.

Agents, and their power to bind. Ins.. Co. v. Bostwick, 27 Ark. 539; Bank v. Ins. Co., 31 Conn. 526; Ins. Co. v. Schettler, 38 Ill. 172; Ins. Co. v. Jones, 62 Ill. 458; Ins. Co. v. Hart, 149 Ill. 513; Ins. Co. v. Karn, 39 S. W. 503; Ins. Co. v. Halloway, 72 S. W. 796; Schmidt v. Ins. Co., 2 Mo. App. 339; Williams v. U. S., 2 Pet. 102; Wilson v. Ins. Co., 16 Barb. 513; Whited v. Ins. Co., 13 Hun. 193; Sparkman v. Council, 57 S. C. 19; Ins. Co. v. Wilkinson, 13 Wall. 222; Horton v. Ins. Co., 122 N. C. 505; Geib v. Ins. Co., 10 Fed. 157; Dovey v. Ins. Co., 7 Fed. Cas. 10; Chamberlain v. Ins. Co., 80 Mo. App. 589; Gold Water v. Ins. Co., 109 N. Y. 618; Ins. Co. v. Kinneir's Admx., 29 Grat. 88; Herschel v. Ins. Co., 4 Wash. 476; Palmer v. Ins. Co., 44 Wis. 201; Robbins v. Ins. Co., 149 N. Y. 484.

The power of general agents to waive conditions and forfeitures. Ins. Co. v. Brookes, 131 Ala. 618; Ins. Co. v. Humphrey, 62 Ark. 353; Waterbury v. Ins. Co., 6 Dak. 477; Ins. Co. v. Brown, 123 Ia. 357; Ins. Co. v. Sullivan, 112 Ill. App. 500; Ins. Co. v. Duke, 84 Ind. 253; Ins. Co. v. Eagley, 71 N. E. 897; Mottocks v. Ins. Co., 74 Ia. 233; Ins. Co. v. McLanathan, 11 Kans. 533; Ins. Co. v. Allen, 77 Pac. 529; Ins. Co. v. Brown, 3 Kans. App. 225; Ins. Co. v. Earle, 33 Mich. 143; Parsons v. Ins. Co., 132 Mo. 583; Burnham v. Ins. Co., 63 Mo. App. 85; Brenner v. Ins. Co., 99 Mo. App. 718; Carroll v. Ins. Co., 40 Barb. 292; Brooks v. Ins. Co., 78 N. Y. S. 748; Benjamin v. Ins. Co., 80 N. Y. Sup. 256; Ins. Co. v. Barget, 17 Ohio Cir. Ct. R. 369; Ins. Co. v. McCrea, 8 Lea. 513; Woolpert v. Ins. Co., 42 W. Va. 647; Miner v. Ins. Co., 27 Wis. 693; Winans v. Ins. Co., 38 Wis. 342; Kahn v. Ins. Co., 4 Wyo.

419; Ins. Co. v. Allen, 128 Ala. 459; Lumber Co. v. Ins. Co., 98 Colo. 503; Russell v. Ins. Co., 80 Mich. 407; Burdick v. L. Assn., 77 Mo. App. 633; Joy v. Ins. Co., 35 Mo. App. 167; Forward v. Ins. Co., 25 L. R. A. 637; Thompson v. Ins. Co., 169 Mo. 13; Ins. Co. v. Caldwell, 187 Ill. 73; Ins. Co. v. McKnight, 197 Ill. 190; Life Assn. v. Woolen Mills, 182 Fed. 508.

Estoppel to deny agency and its effect upon contractual limitation. Mechem on Agency, secs. 86, 83; 1 Pom. Eq. Jur. 451; Ins. Co. v. Baker, 49Ill. App. 96; Ins. Co. v. Enslie, 78 Miss. 161; Ames v. Ins. Co., 14 N. Y. 266; Life Assn. v. Baughman, 73 Ill. App. 549; Fritz v. Ass. Co., 208 Pa. St. 273; Defarconnet v. Ins. Co., 110 Fed. 410; Union Central L. Ins. Co. v. Phillips, 101 Fed. 33; 102 Fed. 19.

Fidelity, Commercial and Judicial Bonds or policies, as issued by the so-called surety companies, are contracts of insurance. U. S. Fid. & G. Co. v. First Nat. Bank, 84 N. E. 670; Guaranty Co. v. Trust Co., 80 Fed. 766; Indemnity Co. v. Woolen Mills, 92 Fed. 584; People v. Rose, 174 Ill. 310; Peoria, etc., Co. v. Hall, 12 Mich. 202; Mayor v. Ins. Co., 10 Bosw. 537; Hart v. Ins. Co., 12 Ia. 371; 2 May on Insurance, sec. 504; Ide v. Phoenix Ins. Co., 2 Biss. 333; Rogers v. Aetna Ins. Co., 95 Fed. 103; Steele v. Phoenix Ins. Co., 154 U. S. (L. ed.) 1064.

Reply brief for appellant.
Stearns on Law of Suretyship, sec. 143; Guaranty v. Construction Co., 116 Fed. 145.

Appellee's brief on motion for rehearing.
RENEHAN & WRIGHT, Santa Fe, for appellee.
Rules overlooked by the court in its decision. American Surety Co. v. Board, 79 N. W. 650; City of New Haven v. National, etc., Co., 79 Conn. 482; National Bank v. Fidelity Co., 145 Ala. 415.

Fraud. 9 Cyc. 412, and note 73.
Value. O'Neill v. Title, Guar. & Trust Co., 191 Fed. 570.
Strictissimi Juris. U. S. v. Lynch, 192 Fed. 368; Min.

Co. v. Cullins, 104 U. S. 176; Guaranty Co. v. Pressed
Brick Co., 191 U. S. 416; Contracting Co. v. National
Surety Co., 112 Pac. 517; Cowles v. U. S. Fid. & Guar.
Co., 72 Pac. 1032.

Construction. 9 Cyc. 586; Amer. Bond Co. v. Pueblo
Inv. Co., 150 Fed. 24; Deposit Co. v. Laurinburg, 163 Fed.
95; U. S. F. & G. Co. v. Board, 145 Fed. 148.

Surety was not injured. U. S. F. & G. Co. v. United
States, 178 Fed. 694; Baglin v. Title Co., 178 Fed. 682;
McMullen v. U. S., 167 Fed. 463; Peoples Lumber Co. v.
Gillard, 136 Cal. 55.

### STATEMENT OF THE CASE.

This is an action brought by the appellee, Nathan Sal-
mon, against A. L. Morgan, as principal, and the Ameri-
can Surety Company, as surety, on a bond for the faithful
performance of a building contract by the terms of which
the said Morgan was to erect a building for said Sal-
mon in the City of Santa Fe. The bond sued upon is con-
ditioned as follows:

"Now, therefore, the condition of this obligation is such,
that if said principal shall faithfully perform said contract
on his part, according to the terms, covenants, and con-
ditions thereof (except as hereinafter provided), then this
obligation shall be void; otherwise, to remain in full force
and effect.

"PROVIDED, HOWEVER, AND UPON THE FOL-
LOWING FURTHER EXPRESS CONDITIONS:

"First: That in the event of any default on the part
of the principal in the performance of any of the terms,
covenants or conditions of said contract, written notice
thereof, with a verified statement of the particular facts
showing such default, and the date thereof shall, within
fifteen (15) days after such default, be delivered to the
surety at its office in the City of Santa Fe, N. M., and
that in case of such default all moneys, which but for such
default would be due, or would thereafter become due to
the principal, shall be held by the obligee and by him ap-
plied for the indemnification of the surety.

"Second: That the liability of the surety hereunder is and shall be strictly construed as one of suretyship only; and that no suit, action or proceeding upon or by reason of any such default shall be brought or instituted against the principal or surety after the twenty-fourth day of July, 1906, and that actual service of writ or process commencing such suit, action or proceeding be made on or before such date.

"Third: That the principal shall not, nor shall the surety, be liable for any damage resulting from an act of God; or from a mob, riot, civil commotion, or a public enemy; or from employees leaving the work being done in the performance of said contract, or so-called "strikes" or labor difficulties; or from fire, lightning, tornado or cyclone; or from injury to person or adjacent property resulting from accident or negligence in the performance of such contract, and that the principal shall not, nor shall the surety, be liable for the reconstruction or repair of any work or materials damaged or destroyed by said causes or any of them.

"Fourth: That the obligee shall retain not less than fifteen (15%) per centum of the value of all work performed and materials furnished in the performance of said contract, until the complete performance by said principal of all the terms, covenants and conditions thereof, on said principal's part to be performed; and that the obligee shall faithfully perform all the terms, covenants and conditions of said contract on the part of said obligee to be performed.

SIGNED AND SEALED this 27th day of November, 1905,

(Signed)   A. L. Morgan.
(Signed)   American Surety Company of New York,
By         Robert C. Gortner,
              Resident Vice President.
Attest:    Hanna & Spencer,
              Resident Assistant Secretary."

In the latter part of December, 1905, while the building was in process of erection, the contract was terminated by

Morgan v. Salmon, 18 N. M. 72.

the obligee discharaging the contractor because of alleged defects in the work so far done, and on January 5th, 1906, he entered into a new contract with another contractor under which the building was completed January 15th, 1907.

At the time Morgan was discharged all work performed and materials furnished in the construction of said building was paid for in full by the obligee.

After the completion of the building the appellee brought suit for damages against the appellants on said bond, and, a jury having been waived, the cause was tried by the Court and judgment rendered against appellants, from whcih judgment this appeal is prosecuted, the following, among other errors, being assigned :

"2.  The Court erred in holding and finding that the obligee complied with the requirements of the bond in the matter of the reservation by him of fifteen per centum (15%) of the amount due in accordance with the terms of the bond and contract."

### OPINION OF THE COURT.

LEIB, District Judge, Acting as Justice.—A number of questions are raised by appellants in their assignment of errors, but the findings of fact of the lower court upon conflicting evidence are probably binding upon us as to all these.  The court concluded that the surety was not released by the failure of the obligee to retain 15% of the value of the work performed and material furnished, as required by the bond.  Nowhere has the appellee shown that he has complied with this condition, and it was necessary for him to do so before he could recover.  On the contrary, he admits in his evidence that payments had been made in full.  This question can, therefore, be considered by us, and, as it goes to the very heart of the matter, it will be unnecessary for us to consider any other.

The bond sued upon was given to guarantee the faithful performance of the contract to erect the building for the appellee.  This was to be constructed in accordance with the terms of said contract, except as the same is limited and varied by the provisions of the bond set out

in the statement of the case. The contract, amended by the bond, then, is what we are to consider. Where the two conflict, the terms of the latter control. In other words, the terms of the bond which change or qualify the terms of the contract are the limits of the surety's obligation, and, so far as the surety is concerned, take the place of such provisions upon the same subject as are contained in the contract and the specifications.

"If the main contract is broader in its scope than the limits fixed by the bond, a reference to the contract will only incorporate so much of the same as is within the limits of the terms of the bond." Stearns on the Law of Suretyship, sec. 143; Asplund v. Aetna Indemnity Co., 81 Pac. 579.

The surety had the right to specify the conditions under which it would be held liable. The obligee was not compelled to accept these conditions, but, having done so, he is bound by them. The provisions of the bond that 15% of the amount due for labor performed and material furnished be retained was obviously for the benefit of the surety, and without it therein, the bond no doubt would never have been written. Had it been complied with by the obligee, not only would there have been a sum remaining in his hands for the protection of the surety, but there would also have been an additional incentive for the contractor to carry out the terms of his contract and go on and complete the building. By payment in full, the temptation for dishonesty was increased, and the hope of reward for further labor decreased, it made a different obligation that subjected the surety to risks for which it had not contracted. We can but conclude, therefore, that the failure of the obligee to retain 15% of the value of the labor performed and material furnished in the construction of the building was a material variation of the bond.

Having reached this conclusion, it logically follows that the surety is released. There are but few rules of law better settled than the one that the surety has the right to stand upon the exact terms of his bond. If,

without his assent, the obligee departs therefrom in a material matter, it operates as a discharge. As said in Ryan v. Morton, 65 Tex. 288,

"The liability of a surety cannot be extended beyond the terms of the contract out of which the obligation arises. If the contract be altered without his consent, whether he sustain injury or the contract be to his advantage, it ceases to be his contract, and with that ceases his obligation."

This is squarely in line with the overwhelming weight of authority. From the leading case of Calvert v. London Dock Company, 2 Keen 639, down to the present time, there is a long line of authorities holding, in substance, the doctrine just enunciated. See County of Glenn v. Jones, 146 Cal. 518, 80 Pac. 695, and the extensive note thereto in 2 A. & E. Annotated Cases, at page 766, where a large number of authorities are collected. In that case it is said:

"The liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. He has a right to stand on its very terms."

Additional authorities sustaining the same doctrine are Sheldon v. American Surety Co., 131 Fed. 210; St. Mary's College v. Meagher, 11 Ky. L. Rep. 112, 11 S. W. 608; Evans v. Gooden, 28 S. W. (Mo.) 439; McNally v. Mercantile Trust Co., 204 Pa. 596, 54 Atl. 360; Gato v. Warrington, 37 Fla. 542, 19 So. 883; United States v. American Bonding Co., 89 Fed. 925, and Prairie State National Bank v. United States, 164 U. S. 233, 41 L. Ed. 417; in Miller v. Stewart, 9 Wheat., 6 L. Ed. 189, the court said:

"It is not sufficient that he (the surety) may sustain no injury by the change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract, and, if he does not assent to any variation of it, and a variation is made, it is fatal."

We are not unmindful of the fact that there are some authorities holding that a variation, such as we find in

this case, operates only *pro tanto* to discharge the surety. This, however, as we have seen, is contrary to authority and cannot be sustained by reason. Who can tell, in any given case of this character, to what extent the surety is injured? It may be that had the stipulated sums been withheld, there would have been no default. It may be that it would have made no difference. Between these two extremes of conjecture, there is a wide field for what would be, at best, very uncertain computation. Where is the Court that can approximate the damages, even after weighing, as best it can, all the complex forces that influence each individual, and are transmuted into action? Would not such an attempt lead the courts to adopt as many different rules of construction as there are contractors involved? Should not the courts enforce the contracts made by the parties, and not other and different ones? And what right have the courts to extend by implication contracts that in terms are fixed and definite? These questions answer themselves.

We think it the better rule to hold in such cases as the one before us that the surety is entirely released. For the reasons above stated, the decision of the lower Court is reversed, and this cause is remanded with instructions that the same be dismissed as to the appellant, the American Surety Company, and it is so ordered.

Hanna, J., having been of counsel in the court below, did not participate in this decision.

### SYLLABUS (BY THE COURT)

