[No. 1533, June 30, 1913.]

J. D. LYONS, Appellant, v. B. L. KITCHELL, et al., Appellees.

#### SYLLABUS (BY THE COURT)

1. Any material alteration in a building contract will release non-consenting sureties upon a bond given to guarantee the faithful performance of the same; and where a contract provides for the retention by the owner of a stated percent-

age of the estimate, or stated amount, at the time of each payment to the contractor, prior to completion of the building, and the owner fails to comply therewith and pays the contractor in excess of the stipulated amount without the consent of the sureties, such overpayment is a breach of the contract by the owner, and the bond given to secure the same cannot be enforced against the sureties.

P. 88

2.   It is the deviation from the terms of the contract that operates to release the surety and not the injury or damage done by such departure, and the breach of the contract **ipso facto** nullifies it as to the sureties.

P. 89

3.   The appellate court will not weigh the evidence, but will examine it to ascertain whether or not the verdict of the jury is supporoted by substantial evidence.

P. 90

4.   The admission by a party to a suit, of a material fact, which in and of itself is sufficient to defeat or authorize a recovery, affords substantial evidence, sufficient to support a verdict based thereon, in the appellate court.

P. 91

Appeal from the District Court of Curry County; John T. McClure, District Judge; affirmed.

H. D. Terrill; H. W. Williams, Clovis, N. M., for appellant.

Court erred in overruling plaintiff's motion for judgment based on special findings 1 and 3, for the reason that there was no substantial and competent evidence to support special finding 2.   Candelaria v. Miera, 13 N. M. 360.

Special finding No. 2 not supported by any substantial evidence, and was inconsistent with the general verdict; judgment should have been rendered for plaintiff.   Code Civ. Pro., sec. 2993.

Payments as affecting the contract of sureties.   Monroe,

et al., v. National Surety Co., 92 Pac. (Supreme Court of Washington, 1907); Leghorn v. Nydell, 39 Wash. 17, 8 Pac. 833; Hand Mfg. Co. v. Marks, 59 Pac. 551; Commissioners v. Braham, 57 Fed. 179; Association v. Miller, 16 Nev. 327; Miller v. Stewart, 9 Wheat. 681; Evans v. Graden, 28 S. W. 430; Martin v. Whites, et al., 106 S. W. (Mo.) 610; Smith v. Molleson, 148 N. Y. 241; 42 N. E. 669; Fuller Co. v. Doyle, 87 Fed. 687; 27 Am. & Eng. Encyc. Law 494-496 (2nd ed.); Brandt on Suretyship, (3rd ed.) 445; Pickard v. Shantz, 70 Miss. 381; Taylor v. Jeter, 23 Mo. 244; Watkins v. Pierce, 10 Mo. App. 595; Brennan v. Clark, 29 Neb. 385; U. S. Fidelity Co. v. Trustees, (Ky., 1907) 102 S. W. 325.

GEO. L. REESE, W. A. HAVENER, AND R. E. ROWELLS, Clovis, N. M., for appellants.

Court did not err in overruling plaintiff's motion for judgment notwithstanding the general verdict. 2 Encyc. Pl. & Pr. 912 and cases cited; Kirk v. Salt Lake City, 32 Utah 143; 12 L. R. A. (N. S.) 1021 and note; 89 Pac. 458; Roswell v. Davenport, 14 N. M. 91; Walker v. R. R. Co., 7 N. M. 282; 20 Am. & Eng. Encyc. of Law, 1035.

Where there is a conflict of evidence as to the facts the verdict of the jury will not be disturbed on appeal. Stringfellow & Tannehil v. Petty, 14 N. M. 14, 89 Pac. 258; Kitchen v. Schuster, 14 N. M. 164; Candelaria v. Miera, 13 N. M. 360; Sherman v. Hicks, 14 N. M. 439, 94 Pac. 959; Richardson v. Pierce, 14 N. M. 334, 93 Pac. 715; Territory v. Neatherlin, 13 N. M. 491; Green v. Brown and Manzanares, 11 N. M. 658; Cunningham v. Springer, 13 N. M. 259; 1 A. & E. Enc. L. 691, 723.

Failure to make payments as per contract alone not sufficient to relieve surety, not correct statement of law. Monroe v. National Surety Co., 92 Pac. 280; Leghorn v. Nydell, 80 Pac. 833; Philadelphia v. Fidelity and Deposit Co., 231 Pa. St. 208; Ann. Cas. 1912B, 1085; First National Bank v. Fidelity & Dep. Co., 40 So. 415; 5 L. R. A. (N. S.) 418; Utterson v. Elmire, (Mo.) 139 S. W. 9;

Lawhorn v. Toors, (Ark) 84 S. W. 636; O'Neal et al., v. Kelley, (Ark) 47 S. W. 409.

Contract broken by making payments before due and by owner taking charge of building.   Bell v. Trimby, (Tenn) 38 S. W. 100; Simonson v. Thori, (Minn) 31 N. W. 861; Evans v. Graden, (Mo. Sup.) 28 S. W. 439; 32 Cyc. 73; County of Glenn v. Jones, et al., 146 Cal. 518; 2 Ann. Cas. 764, and note, also note in 8 Ann Cas. 241; James Black Mas. & Con. Co. v. National Surety Co., (Wash.) 112 Pac. 517; Stillman v. Wickham, (Iowa) 76 N. W. 1008; Reese v. U. S., 9 Wall. 13; Taylor v. Jeter, 23 Mo. 244; Bragg v. Sham, 49 Cal. 131; Shelton v. Amer. Surety Co., C. C. A. 94, 131 Fed. 210; Ludlow v. Simond, (N. Y.) 2 Am. Dec. 291; Bachus v. Archer, 109 Mich. 666, 67 N. W. 913; Goto v. Warrington, (Fla.) 19 So. 883; Bell v. Paul, 35 Neb. 240, 52 N. W. 1110; Miller v. Stewart, 9 Wheat. 681, Led. 190; Wehring, et al., v. Denham, (Ore.) 71 Pac. 133; Kissing v. Allspaugh, (Cal.) 27 Pac. 655, 13 L. R. A. 418; Morgan Co. v. McRae, (Kans.) 36 Pac. 717.

Contract altered; bondsmen released.   Miller v. Stewart, 9 Wheat. 681.

Assignments of error too general for consideration. Goode, et al., v. Colorado Invest. Co., (N. M.) 117 Pac. 856; Main v. Main, (Ariz.) 60 Pac. 888; DeMund Lumber Co. v. Stillwell, (Ariz) 68 Pac. 543; 2 Sutherland Code Pleading and Practice, sec. 1909.

Reply brief of appellant.

Appellant sets up instructions of the court in his statement of facts.   Territory v. County Commrs., 13 N. M. 89.

Overpayment of estimates.   Monroe v. National Surety Co., 92 Pac. 280; Leghorn v. Nydell, 80 Pac. 833; First Natl. Bank v. Fidelity Co., 5 L. R. A. (N. S.) 418; Utterson v. Elmire, 139 S. W. 9; Lawhon v. Toors, 84 S. W. 636; Bell v. Trimby, 38 S. W. 100; Simonson v. Thori, 31 N. W. 861.

## STATEMENT OF FACTS.

On April 30, 1909, B. L. Kitchell entered into a written contract with the appellant, to furnish all labor and

material, and build and construct for appellant a three-story, brick hotel in Clovis, for the sum of $12,350, according to certain plans and specifications attached to said contract, and made a part thereof. The contract provided, among other things, that the consideration for said building should be paid to said contractor "in lawful money of the United States, on certificates of the superintendents, payments to be made every thirty days on the estimate of the superintendent. From the estimated amount 20 per cent shall be retained until the completion of the entire work." It was further agreed in said contract that 20 per cent retained from every estimate should be held by the owner as security for the faithful completion of the work, and might be applied under the direction of the superintendent to the liquidation of any damages under the contract. On the same date, in conjunction with said contract, and supplementary thereto, the appellees as sureties for said contractor, executed to the appellant a bond in the sum of $5,000, which said bond, by reference, made the contract a part of the same, and contained the usual covenants and conditions found in building contract bonds.

This action was instituted in the District Court of Curry County to recover from the sureties on said bond, the sum of $3,804.83, with interest and attorney's fees. The appellant, in his complaint, alleged a breach of said contract and bond, in that the contractor had failed to pay for labor and material used in said building in the named amount, above the contract price, and that appellant had been compelled to pay out said sum in satisfaction of mechanic's liens filed against said building therefor. No service was had upon the contractor, B. L. Kitchell, he having left the state prior to the institution of the suit.

The sureties, to avoid liability on the bond, set up four affirmative defenses. First, changes and alterations made in the contract without the consent of the sureties. Second, a material alteration made in the contract as to the time of performance after the execution

of the bond without the consent of the sureties. Third, a delay in the progress of the work upon the building upon the part of the plaintiff in installing steam heating apparatus. Fourth, a material change and alteration in the contract for the construction of said building in the manner of making payments as provided in said contract, and that the said appellant paid said contractor prematurely for his work upon said building, without retaining 20 per cent from each estimate, and without the furnishing of proper estimates, or without the knowledge or consent of the sureties. The appellant filed a reply denying the allegations in appellees' answer. Upon the issues made, the case was tried to a jury, and upon motion of the appellant, the court submitted to the jury special findings. Such scpecial findings and the answer thereto are as follows:

"1. Do you find that the change in the contract alleged by the defendants in their answer from four to five months was made prior to the execution of the bond sued upon here?

"We do.

"2. Do you find by the evidence that J. D. Lyons made payments on the construction of the Antlers Hotel building in excess of 80 per cent of the value of the work done and materials placed in the building and upon its premises?

"We do.

"3. Do you find from the evidence that the plaintiff expended $15,863.68 in payments under the contract to B. L. Kitchell and on his order and in payment of judgments and claims against said building?

"We do."

With such special findings the jury returned a verdict for the appellees. After the return of the verdict, the appellant filed a motion for judgment *non obstante veredicto,* and a motion for a new trial in the alternative, and the same having been overruled by the court, judgment for appellees was entered on the verdict, from which judgment this appeal is prosecuted.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellant relies upon two propositions for a reversal of this cause, which may be stated as follows:

1. That the trial court should have sustained his motion for judgment based upon special findings 1 and 3, for the reason there was no substantial and competent evidence to support special finding No. 2, on which the general verdict was based.

2. Admitting that appellant in fact made payments in excess of 80 per cent of work done, and materials in the building or upon the premises, according to the estimates of the architects in charge, even then if there was no proof by appellees that the contractor never became entitled to the payments so made in excess, judgment should have been rendered by the trial court on the special findings in favor of appellant.

Discussing the two propositions in the reverse order: it may be stated as a general principle that any material alteration in the building contract will release non-consenting sureties upon a bond given to guarantee the faithful performance of the same. And we think the courts, almost without exception, hold, that where a contract provides for the retention by the owner of a stated percentage of the estimate, or stated amount, at the time of each payment to the contractor, prior to completion of the building, and the owner fails to comply therewith, and pays the contractor in excess of the stipulated amount, without consent of the sureties, such over-payment is a breach of the contract by the owner and the bond given to secure the same cannot be enforced against the sureties. Salmon v. Morgan, et al., decided at the present term of this court; 2 Ann. Cac. 764, where all the authorities will be found collected. See also case note to First National Bank of Montgomery v. Fidelity & Deposit Co., of Maryland, 5 L. R. A. (N. S.) 418. Especially is this true in the case of a non-compensated surety.

Appellant insists, however, that admitting for the sake of argument there had been over-payments on some of the

estimates, the fact that he had in his hands upon completion of the building more than 20 per cent of the contract price, appellees could not have been harmed by such overpayments upon the estimates, and therefore would not be discharged from liability. This contention, however, cannot be sustained, for a non-compensated surety derives no benefit from his contract, and his object is generally to befriend the principal. In such cases the consideration moves to the principal, and of course he could be held upon an implied contract, but the surety is only liable because he has agreed to become so; he is bound by his agreement and nothing else. No implied liability exists to charge him; he is under no normal obligation to pay the debt of his principal. Being thus bound by his agreement alone, and deriving no benefit from the transaction, he is a favorite of the law and has a right to stand upon the strict terms of his obligation. To charge him beyond its terms, or to permit it to be altered without his consent, would be not to enforce the contract made by him, but to make another for him. Brandt Suretyship Guaranty, vol. 1, sec. 107. "And a discharge will be created by a departure from the terms of the contract respecting payments, though no injury is shown." Welch v. Hubschmitt Co.. 61 N. J. L. 57.

It will thus be seen that it is the deviation from the terms of the contract that operates to release the surety, and not the injury or damage done by such departure. This being true, if the owner paid the contractor in excess of the payments stipulated for in the contract, it would necessarily follow that the contract would become null and void and unenforcible upon the departure therefrom by the owner. The breach of the contract would *ipso facto* nullify it, and from the time of its breach it would be absolutely unenforcible against the sureties, and no act on the part of the owner could revive it. This being true, if the appellant paid the contractor in excess of 80 per cent of the estimate as required by the contract, the contract would, at the time of the over-payment ,become unenforcible against the sureties, and the

mere fact that the owner retained from subsequent estimates a sufficient amount to equalize the overpayment so made, and held in his hands at the time of the completion of the contract the required amount, would be of no avail to him.

By special finding No. 2, the jury found that the owner made payments on the construction of the building in excess of 80 per cent of the value of the work done and materials placed in the building, and upon the premises. Appellant contends that this finding, (and it is upon this finding evidently that the general verdict was based) was not supported by any substantial evidence.

It has been uniformly held in this jurisdiction that the appellate court will not weigh the evidence and that the verdict of a jury will not be disturbed on appeal where it is supported by any substantial evidence. Candelaria v. Miera, 13 N. M. 360. While the court will not weigh the evidence, it will, of course, examine it to ascertain whether or not the verdict of the jury is supported by substantial evidence. In this case all the business relative to the construction of the building in question was transacted by the appellant's son, whose authority and agency is admitted. On the trial of the case, appellant's son testified that no payment or payments had been made to the contractor at any time in excess of 80 per cent of the estimate made by the superintendent, and he was supported in this regard by the evidence given by the superintendent. Opposed to this, the appellees gave in evidence the testimony of one witness who was a subcontractor or workman on the building, to the effect that some two or three months before the completion of the building, Lyons, the agent in charge of work, admitted to him that the contractor had been paid in excess of 80 per cent authorized by the contract. The superintendent likewise admitted to another witness that payments had been made in excess of the amount authorized by the contract. The question, therefore, resolves itself into whether or not the admission of a party to a suit, of a material fact, which in and of itself is sufficient to defeat

Lyons v. Kitchell, 18 N. M. 82.

or authorize a recovery, affords substantial evidence, sufficient to support a verdict based thereon, in the appellate court.

It may be stated in passing, that the jury might reasonably have regarded the evidence of the agent in charge of the building, as not altogether satisfactory, for the reason that he testified upon the stand that all payments made to the contractor had been made by means of checks drawn upon a bank, and yet he failed to produce and exhibit upon the trial any of the checks showing payment, but testified simply from a memorandum, without showing the loss or destruction of the checks. This evidence' was admitted over objection, and of course was clearly erroneous, and would not carry the same weight with the jury that the paid checks would have done, had they been produced. It is not disputed but that the admission of the agent was properly admitted in evidence, and it has been held, apparently without conflict, that the effect of an admission, when proved, must be left to the jury and received according to its terms. 1 Ency. Ev. 615. And it has likewise been held that when a jury bases a verdict upon such an admission, and the trial judge approves the finding, the appellate court will not interfere with the trial court's discretion in refusing to grant a new trial. Burke v. Hill, 119 Ga. 38. See also Martin v. Farrell, 72 N. Y. S. 934; Stephens v. Vroman, 18 Barb. 250.

It is also stated in 1 A. & E. Ency. Law, 723, that, "Verbal admissions, deliberately made, may afford proof of the most satisfactory character."

This being true, it was the province of the jury to weigh the evidence in the case, and such admission or admissions being competent evidence, it was the duty of the jury to give such evidence proper weight and credit, and the jury having determined that the admissions of the party were true, and the trial court refusing to disturb the findings of the jury, the appellate court will not set aside the verdict.

For the reasons stated, the judgment of the lower court will be affirmed, and it is so ordered.