389 P.2d 194

**SPROUL CONSTRUCTION COMPANY, Sproul Brothers, Inc., Sproul-Brozo Construction Corp., Plaintiffs-Appellees,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant-Appellant.**

No. 7323.

Supreme Court of New Mexico.

Jan. 13, 1964.

Rehearing Denied Feb. 24, 1964.

Keleher & McLeod, Russell Moore, Albuquerque, for appellant

Rodey, Dickason, Sloan, Akin & Robb, Robert D. Taichert, John P. Eastham, Albuquerque, for appellees.

MOISE, Justice.

This action was commenced as a suit to foreclose materialmen's liens. The plaintiffs, Air Service, Inc., and Air Conditioning Equipment Company, furnished labor and materials to the defendant, Associated Roofing and Supply Company, Inc., hereinafter referred to as "Associated," in connection with the performance by Associated of a sub-contract between it and defendants, Sproul Construction Company, Sproul Brothers, Inc., and Sproul-Brozo Construction Corp., hereinafter referred to as "Sproul." Upon failure of Associated to pay plaintiffs as agreed, liens were duly filed and this suit commenced to foreclose the same. Additional suppliers who had also filed liens intervened. Sproul, the contractor, filed a third-party action against St. Paul Fire & Marine Insurance Company, hereinafter referred to as "St. Paul"

**422**

or "insurer," alleging the execution by St. Paul of a "performance and payment bond" guaranteeing the performance by Associated of its sub-contract with Sproul. St. Paul, by answer, pleaded a number of defenses, only two of which are material to this appeal.

St. Paul, in its brief, states its "principal defense" to be "that after notice to Sproul that Associated was insolvent and that liens had been filed" in connection with the construction, Sproul continued to make progress payments to Associated, prejudicing the rights of St. Paul and thus voiding the bond.

All issues of fact having been settled by agreement between the parties, judgments were duly entered. It was understood that the issues raised by the defenses of St. Paul to the third-party complaint of Sproul were not to be prejudiced thereby. The issues of law raised by the answer of St. Paul were in turn decided by the trial court in favor of Sproul, and this appeal followed.

The sub-contract between Sproul and Associated provided for payment on or before the 25th day of each month of 90% of sub-contractor's estimate, and permitted direct payment by Sproul for materials and labor furnished to the sub-contractor in the event the sub-contractor failed to pay therefor.

The obligation of the bond given by St. Paul to Sproul in connection with its sub-contract with Associated, reads as follows:

"NOW, THEREFORE, the condition of the foregoing obligation is such that if the Principal shall indemnify the Obligee for all loss that the Obligee may sustain by reason of the Principal's failure to comply with any of the terms of said contract, then this obligation shall be void; otherwise it shall remain in force."

As already noted, although St. Paul pleaded numerous defenses, we need only notice those that are argued here on appeal, all others being considered abandoned. Hendrix v. Dominguez, 58 N.M. 216, 269 P.2d 1099.

Did the trial court err in sustaining Sproul's motion for summary judgment? By so ruling the legal defenses presented were held ineffective. These defenses asserted that the bond was voided by virtue of Sproul's acts in continuing to make payments to Associated after mechanics' liens had been filed, knowing Associated was insolvent, and also because of Sproul's failure to retain 10% of the contract price.

St. Paul places principal reliance on the early cases of Lyons v. Kitchell, 18 N.M. 82, 134 P. 213, Ann.Cas.1915C 671, and Morgan v. Salmon, 18 N.M. 72, 135 P. 553, 54 L.R.A.,N.S., 407.

Lyons v. Kitchell, supra, is distinguishable. Payment without retaining the 20% was held to be a deviation from the contract and to operate to discharge the surety. The surety there was an accommodation or non-compensated surety, whereas here, St. Paul was paid for the obligation it undertook. That this makes a difference is recognized by the court in its decision. See also, Southwestern Portland Cement Co. v. Williams, 32 N.M. 68, 251 P. 380, 49 A.L.R. 525; note in 94 A.L.R. 876.

Morgan v. Salmon, supra, was a case of a paid surety and even so a rule of strictissimi juris was applied and a failure to retain a percentage of the value of labor and materials furnished as provided in the contract was held to be a material deviation and operated to discharge the surety.

We quote the rule stated in the note in 127 A.L.R. 10, 62:

"There is at the present day almost no dissent from the view that a departure from the terms of a construction contract with respect to payments will not have the effect of discharging a compensated surety on the contractor's bond, unless it appears that such departure has resulted in injury, loss, or prejudice to the surety."

This statement is supported by a long list of authorities. At page 69 of the same note we find the following statement also well supported by authority:

"As shown above, a compensated surety on a construction contractor's bond is not discharged from liability by reason of deviation from the provisions of the contract with respect to the time, manner, amount, or conditions of payments made to the contractor, unless the surety is injured or prejudiced thereby. In accordance with this general rule, the great weight of authority supports the view that such an unauthorized payment has the effect of releasing a compensated surety only pro tanto, to the extent of the injury or prejudice suffered by the surety, and not necessarily to the full extent of the surety's obligation."

This court, in Southwestern Portland Cement Co. v. Williams, supra, recognized that the liability of a compensated surety is no longer strictissimi juris, in the following language:

"In a number of cases supporting appellant's contention, as well as in many of those which have seemed to us distinguishable in their facts, the principle has been invoked that the liability of a surety is strictissimi juris. This principle has seemed to result in an interpretation of the contract doing violence to the apparent intention of the parties. Appellee contends, and we agree, that the principle, that a surety is a favorite of the law has no proper

application in the case of a company organized for the express purpose of acting as surety for compensation. [United States, to Use of] Hill v. American Surety Co., supra [200 U.S. 203, 26 S.Ct. 168, 50 L.Ed. 437]; Royal Indemnity Co. v. Northern Granite & Stone Co., supra. In a note to the latter case, 12 A.L.R. 382, it is said that this is well settled except in one jurisdiction, and that the contract is regarded as more in the nature of insurance, and to be covered by the rules of construction applicable to insurance policies."

This was a departure from what was stated in Morgan v. Salmon, supra, insofar as that case may be interpreted as requiring discharge of a compensated surety where there has been any departure from the exact terms of the contract, the performance of which had been guaranteed. In effect Morgan v. Salmon, supra, was thereby overruled, although not noticed.

Supporting the same rule are Rowe v. Stufflebeam, 249 Iowa 985, 89 N.W.2d 875, where the authorities are reviewed at some length. Also see, Veneto v. McCloskey & Co., 333 Mass. 95, 128 N.E.2d 337; Murray City v. Banks, 62 Utah 296, 219 P. 246; Gruman v. Sam Breedon Construction Co. (Fla.App.1963) 148 So.2d 759; Pickens County v. National Surety Co. (C.C.A. 4, 1926) 13 F.2d 758; Maryland Casualty Co.

v. Eagle River Union Free High School Dist., 188 Wis. 520, 205 N.W. 926; Gibbs v. Hartford Accident & Indemnity Co. (Fla. 1953) 62 So.2d 599.

St. Paul cites Restatement of the Law, Security, § 132; 72 C.J.S. 664 Principal and Surety, § 197; and 2 A.L.R.2d 260, all of which recognize pro tanto release of surety obligations when an obligee departs from the terms of the contract to the *prejudice of the surety*. However, the trial court understood St. Paul to be asserting under authority of Morgan v. Salmon, supra, its surety agreement to be void and unenforceable under the facts here present and *regardless of any showing of prejudice*. We likewise so understand its position on this appeal. St. Paul does not claim that it proved loss or prejudice because of Sproul's action. Rather it argues that, as a matter of law, by paying under the contract after liens had been filed and by failing to retain 10% of the contract price, Sproul deviated from the contract in such a material way as to accomplish a total discharge of St. Paul's obligation. For the reasons, and under the authorities discussed above, we do not agree with this position.

It follows that the judgment of the trial court was correct and should be affirmed. It is so ordered.

COMPTON, C. J. and CARMODY, J., concur.