394 P.2d 267

George P. STECK and Helen S. Steck,
his wife, Plaintiffs-Appellees,

v.

HOME INDEMNITY COMPANY,
Defendant-Appellant.

No. 7398.

Supreme Court of New Mexico.

July 20, 1964.

———◆———

Keleher & McLeod, Russell Moore, Albuquerque, for appellant.

A. H. McRae, Albuquerque, for appellees.

## 420

J. M. SCARBOROUGH, District Judge.

Plaintiffs, George P. Steck and wife, entered into a contract with Wilkerson Construction Company for the construction of a house for the plaintiffs. The contract contained this provision:

"Payments to be made on request as the work progresses to the value of ninety per cent (90%) of all work completed. The entire amount of contract to be paid within ten (10) days after completion."

The Home Indemnity Company, as surety for Wilkerson, bound itself to the plaintiffs to guarantee performance by Wilkerson of its construction contract with the Stecks. The surety agreement made reference to the construction contract in the following language:

" * * * which contract is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein."

Thus, the above-quoted portion of the construction contract became an integral and vital part of the contract of suretyship.

Wilkerson failed to perform the obligations imposed upon it by the construction contract, ultimately abandoning its undertaking with the house about half-completed; whereupon, plaintiffs, after making demand upon the surety, filed suit against the contractor and the surety, seeking a money judgment in an amount sufficient to enable plaintiffs to have the house completed in accordance with the terms of the construction contract.

The situation outlined above was presented to the trial court on motion for summary judgment. The facts detailed were established without contradiction by the pleadings, affidavits and exhibits properly before the trial court. It was further established that the Stecks had failed to retain ten per cent of the amount billed to them by the contractor as a part of contractor's first progress report and statement of partial payment due.

The trial court granted summary judgment in favor of the plaintiffs and entered judgment against the contractor and The Home Indemnity Company for the sum of money shown by the proof to be necessary to complete the construction of the house in accordance with the provisions and specifications of the construction contract.

The Home Indemnity Company appeals and assigns two errors: (1) that Mrs. Steck interfered with the contractor, its agents and employees in performing the contract, in violation of a provision prohibiting such interference, thereby rendering the surety agreement unenforceable against the surety; and (2) that the failure of the plaintiffs to retain ten per cent of the amount charged and billed by the first progress report, rendered the surety agreement void and unenforceable as to The Home Indemnity Company.

There is no merit to the first assigned error. There is not one word of substantial evidence in the record to establish that Mrs. Steck interfered in any way with the contractor or his agents, employees, servants or subcontractors. At best, the evidence of such interference was hearsay and would not be admissible on a trial and, accordingly, should not be considered on motion for summary judgment. Chan Wing Cheung v. Hamilton, 298 F.2d 459 (1st Cir., 1962); Roucher v. Traders & General Insurance Co., 235 F.2d 423 (5th Cir., 1956); State of Maryland for the use of Barresi v. Hatch, 198 F.Supp. 1 (D.C. Conn.1961); Dyer v. MacDougall, 201 F.2d 265 (2d Cir., 1952). The burden rested upon the defendants to establish this affirmative defense; they failed to carry the burden.

The second assignment of error likewise is without merit. In its brief-in-chief, the appellant cites and relies on Morgan v. Salmon, 18 N.M. 72, 135 P. 553, L.R.A.1915B, 407; and Lyons v. Kitchell, 18 N.M. 82, 134 P. 213. Both cases involve the liability of a surety following default of the contractor after payment of a sum in excess of that required to be made by the owner under his contract with the contractor; and the decision in each case favors the surety, but neither case supports the position of the appellant here.

Under their contract, plaintiffs were privileged but not obliged to retain a percentage of any installment billed.

In each of the cases cited, the principal contract, which became a part of the surety contract, *required* the owner-obligee to retain a stated percentage of each installment billed by the contractor. In Morgan, the relevant contract provision was, as set out at page 78 of 18 N.M., at page 553 of 135 P.:

"* * * That the obligee shall retain not less than fifteen (15%) per centum of the value of all work performed and materials furnished in the performance of said contract, until the complete performance by said principal of all the terms, covenants and conditions thereof, * * *."

And in the Lyons case, the contract contained this language, as set out at page 86 of 18 N.M., at page 213 of 134 P.:

"* * * From the estimated amount 20 per cent. shall be retained until the completion of the entire work. * * *."

In each case it was held that, the owner-obligee having failed to retain the percentage specifically required by contract to be retained, the surety was released from its contract liability.

In Morgan, the Court said at page 80 of 18 N.M. at page 554 of 135 P.:

" * * * the failure of the obligee to retain 15 per cent. of the value of the labor performed and material furnished in the construction of the building was a material variation of the bond."

" * * * the surety has the right to stand upon the exact terms of his bond. If, without his assent, the obligee departs therefrom in a material matter, it operates as a discharge. * * *"

" '* * * To the extent, and in the manner, and under the circumstances pointed out in his obligation, he [the surety] is bound, and no further. * * *' "

From the wisdom and propriety of the stated rule, one would not expect to hear any dissent.

In Lyons v. Kitchell, supra, language of similar import to that quoted from Morgan v. Salmon, supra, is to be found. Also, it makes some difference that the surety in Lyons was non-compensated.

█ The Home Indemnity Company was and is a legal person engaged in the business of guaranteeing the performance of contracts for a fee—presumably an adequate fee in each instance. It is not entitled to the indulgence of the law. It is entitled only to a fair and proper construction of its contract and of the liabilities flowing therefrom in the event of a breach or failure to perform.

Appellant cannot be heard to say that it "has the right to stand upon the exact terms" of its contract but that the obligee does not have the right to stand upon those same precise terms. And those terms did not require plaintiffs to retain any portion of an installment billed by Wilkerson.

Plaintiffs did not breach the terms of their contract with the contractor or with the defendant surety, and the surety is responsible to them for their damages which were properly ascertained and fixed by the trial court.

A very recent opinion of this Court in the case of Sproul Const. Co. v. St. Paul Fire & Marine Ins. Co., 74 N.M. 189, 392 P.2d 339, considers and rules upon the precise question here involved. That opinion fully and clearly enunciated the reasoning of the Court and included ample citation of pertinent authorities. It is, therefore, unnecessary to elaborate further.

The judgment of the trial court should be and it is ordered affirmed.

COMPTON, C. J., and MOISE, J., concur.