This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                                        **NO. 29,650**

**GILBERT BENALLIE,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Frechette & Associates, P.C.
Todd Hotchkiss
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

The opinion filed in this case on December 9, 2009 is hereby withdrawn and the following substituted therefor. The motion for rehearing of Defendant Gilbert Benallie is denied.

Defendant appeals his convictions for DWI and for failure to display registration plate. The notice proposed to affirm. Defendant filed a timely memorandum in opposition (MIO), and the State filed a timely response pursuant to a granted motion for extension of time. We remain unpersuaded by Defendant's arguments, and therefore we affirm. As discussed in our notice and agreed to by the State in its response, we further remand to the district court for the limited purpose of correcting Defendant's judgment and sentence to reflect that he was convicted for a violation of NMSA 1978, Section 66-8-102(A) (2008) rather than for a violation of Section 66-8-102©.

**Issues (1) and (2)**

These issues relate to Defendant's central contention that there was a lack of substantial evidence to support his conviction for driving while under the influence of intoxicating liquor or drugs (DWI). **[DS 2, 5; MIO 11]**

We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a

2

reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). We do not weigh the evidence, nor substitute our judgment for that of the factfinder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

Defendant's conviction for DWI requires that Defendant operated a motor vehicle and that, at the time, Defendant was under the influence of intoxicating liquor -- that is, as a result of drinking liquor, Defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public. **[RP 1-2, 128-31]** *See* § 66-8-102(A). **[RP 100]**

The facts provide that Officer Sexton **[RP 54]** stopped Defendant's vehicle after observing Defendant make a wide right turn, cross the painted divider into oncoming traffic, and almost strike a parked vehicle. **[RP 13, 56; MIO 3]** Officer Sexton could smell the odor of alcohol emanating from the interior of Defendant's vehicle **[RP 13]**,

3

as well as from Defendant's person once he exited the vehicle. **[RP 57]** In addition, Officer Sexton observed that Defendant's eyes were red, bloodshot, and watery. **[RP 13]** Defendant admitted that he had been drinking the night before and at around 12:00 that day. **[RP 13]** Officer Sexton administered field sobriety tests **[RP 13]**, and testified that Defendant performed in a manner consistent with impairment. **[RP 57, 60]** Specifically, on the "walk and turn test," Officer Sexton observed all eight clues. **[RP 14, 60]** Defendant had difficulty maintaining his balance, missed heel-to-toe on every step, raised his arms more than six inches from his sides, stepped off of the line on several steps, performed the turn without planting his front foot, did not watch his feet or count the steps out loud as instructed to do so prior to beginning the test, and took an uneven number of steps in the different directions. On the "one leg stand test," Officer Sexton observed a total of three clues, and Defendant began swaying from side to side. **[RP 14]**

We hold that the foregoing facts support Defendant's conviction for DWI. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction); *see also State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (filed 1995) (upholding a DWI

conviction based on behavior evidence when the defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes); *State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (filed 2007) (holding that evidence was sufficient to support a reasonable inference that the defendant was under the influence of alcohol when, among other factors, he was seen veering over the shoulder line of the road; he smelled of alcohol and had bloodshot, watery eyes; he admitted to drinking; he appeared to the officer to be under the influence of alcohol; and he failed on several field sobriety test criteria).

Although Defendant's blood and breath tests showed readings of .05 and .06, within the legal limits **[RP 14, 61; MIO 7]**, it was within the jury's prerogative to rely instead upon behavioral evidence to convict Defendant for DWI. *See generally State v. Foster*, 1999-NMSC-007, ¶ 42, 126 N.M. 646, 974 P.2d 140 (recognizing that it is up to the jury to weigh any contradictory evidence). We recognize also that Defendant maintains that his failure to adequately perform on the field sobriety tests was a reflection of an un-level surface **[RP 59; MIO 3, 7]** and lack of an actual line for use in the "walk and turn test" **[MIO 25]**, as well as his restless leg syndrome, body weight, back problems, and other health problems. **[RP 68-73; MIO 6, 8-10]**

Again, it was within the jury's prerogative to weigh the evidence and reject Defendant's version of the events. *See State v. Nichols*, 2006-NMCA-017, ¶ 11, 139 N.M. 72, 128 P.3d 500 (filed 2005) (recognizing that the jury, as trier of fact, is entitled to weigh conflicting evidence); *State v. Sutphin*, 107 N.M. at 131, 753 P.2d at 1319 (holding that the factfinder may reject the defendant's version of events). And although Defendant's expert witness, Dr. Saltzman, testified that he believed that Defendant's medical conditions would make it very difficult to complete the field sobriety tests **[MIO 9-10]**, the jury was free to reject the expert's opinion. *See State v. Alberico*, 116 N.M. 156, 164, 861 P.2d 192, 200 (1993) (recognizing that "an expert's opinion is not conclusive of a fact in issue even though the opinion may be uncontroverted). In this regard, we note that Dr. Saltzman also acknowledged on cross-examination that alcohol could cause Defendant to perform as he did on the field sobriety tests. **[MIO 10]**

Lastly, to the extent Defendant argues that his performance on the field sobriety tests was not a valid factor to consider in assessing the sufficiency of his conviction **[MIO 21-23]**, we disagree. As noted above, Defendant's conviction requires that, as a result of drinking liquor, he was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle

a vehicle with safety to the person and the public. *See* § 66-8-102(A). Thus, when our notice at page 4 stated that "Defendant performed [on the field sobriety tests] in a manner consistent with impairment" **[CN 4; MIO 22]**, we were referring not to Defendant's BAC level, but instead to evidence supporting the conclusion that Defendant was under the influence of intoxicating liquor within the meaning of Section 66-8-102(A). *See, e.g.*, State v. Neal, 2008-NMCA-008, ¶ 26 (stating that "[t]he statute gives notice, according to the plain meaning of the word 'influence,' that the Legislature intends to criminalize a condition less than intoxication, but 'influenced' to any degree by alcohol, no matter how slight").

**Motion to amend**

In disputing our sufficiency analysis, Defendant argues for the first time in his MIO that the district court improperly admitted Officer Sexton's testimony that "[b]ased on all of [his] observations, there is a 90% chance [Defendant] was impaired.**" [MIO 6, 12-14, 19]** We note initially that although the officer's testimony is a relevant consideration in evaluating the sufficiency of the evidence, whether or not such evidence was properly admitted is a separate issue from one contesting the sufficiency of the evidence. *See State v. Post*, 109 N.M. 177, 181, 783 P.2d 487, 491 (Ct. App. 1989) (recognizing that, in reviewing the sufficiency of the evidence, the

appellate court looks at all evidence admitted, including wrongfully admitted evidence). Because this particular argument was not raised in Defendant's docketing statement, we consider Defendant's argument as a motion to amend the docketing statement to add the issue of whether the testimony was wrongfully admitted.

Defendant argues that admission of Officer Sexton's testimony was comparable to the wrongfully admitted testimony addressed in *State v. Marquez*, 2008-NMCA-133, ¶ 25, 145 N.M. 31, 193 P.3d 578, *rev'd in part*, 2009-NMSC-055, ___ N.M. ___, ___ P.3d ___. **[MIO 13]** In *Marquez*, the officer testified that, "based on the clues of all three field sobriety tests, including the HGN test, the probability that a person's breath score was over the legal limit was in the ninetieth percentile." 2008-NMCA-133, ¶ 8. This Court held that such testimony was wrongfully admitted as scientific evidence without first qualifying the officer as an expert and establishing the evidentiary reliability of the scientific knowledge but that the error was harmless. *Id.* ¶ 19. Our Supreme Court reversed our holding that the error was harmless because the evidence was "likely to impact the jury's verdict." 2009-NMSC-055, ¶ 23. In the present case, however, even assuming that Officer Sexton's testimony is comparable to the officer's testimony in *Marquez*, one significant difference is that Defendant failed to object to Officer Sexton's testimony. **[MIO 6]** Because of this lack of

preservation, we consider whether admission of Officer Sexton's testimony constituted "plain error." **[MIO 17]** *See generally State v. Contreras*, 120 N.M. 486, 492, 903 P.2d 228, 234 (1995) (reviewing un-objected to evidentiary questions for plain error), *limitation of holding on other grounds recognized by State v. Rackley*, 2000-NMCA-027, ¶¶ 24-25, 128 N.M. 761, 998 P.2d 1212. In light of the aforementioned ample substantial evidence in support of Defendant's conviction, under a plain error analysis, we are not "convinced that admission of the testimony constituted an injustice that creates grave doubts concerning the validity of the verdict." *State v. Lucero*, 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993) (internal quotation marks and citation omitted). For this reason, we deny Defendant's motion to amend. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (recognizing that issues sought to be presented in a motion to amend must be viable).

**Issue (3)**

Defendant continues to argue that his trial counsel was ineffective. **[ MIO 14]** To establish a prima facie case of ineffective assistance of counsel, Defendant must show that counsel's performance fell below that of a reasonably competent attorney and that the defendant was prejudiced by the deficient performance. *State v. Aker*,

2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384.

Defendant argues specifically that counsel failed to exercise the skill of a reasonably competent attorney because he failed to object to Officer Sexton's testimony. **[MIO 14]** Whether or not to object, however, can be a matter of trial tactics, and the failure to object does not establish ineffective assistance of counsel. *State v. Peters*, 1997-NMCA-084, ¶ 40, 123 N.M. 667, 944 P.2d 896. In this case, counsel may have elected not to object for any number of reasons, including, for example, a determination that any objection would unnecessarily call attention to Officer Sexton's testimony. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (holding that "we will not second guess the trial strategy and tactics of the defense counsel on appeal" (internal quotation marks and citation omitted)). Because Defendant has failed to establish a prima facie case of ineffective assistance of counsel, we affirm.

**Issue (4)**

Defendant does not contest the calendar notice's proposed holding that the district court did not improperly restrict the cross-examination of Officer Sexton regarding his reference to the "28 different signs that we look for" of impairment. **[CN 6-7; DS 4, 5]** *See generally State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d

1003, 1005 (Ct. App. 1988) (holding that a "party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"). For reasons set forth in the notice, we hold that cross-examination was not unduly restricted.

Lastly, apart from the merits of the issues raised by Defendant, as discussed in our notice and agreed with by the State in its Response to our notice, although Defendant was initially charged for a violation of Section 66-8-102© **[RP 1-2]**, he was ultimately tried by implied consent—as reflected by the jury instruction to the jury—for a violation of Section 66-8-102(A). **[RP 100]** For this reason, we remand for the limited purpose that the judgment be corrected to reflect Defendant's conviction for a violation of Section 66-8-102(A) rather than for a violation of Section 66-8-102©. **[RP 128]**

For reasons discussed above, we affirm on the merits and remand for the limited purpose of correcting Defendant's judgment to reflect the correct crime for which he convicted.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

11

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**