909 P.2d 751

121 N.M. 191

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Larry GUTIERREZ, Defendant–Appellant.**

**No. 15800.**

Court of Appeals of New Mexico.

Nov. 15, 1995.

Certiorari Denied Jan. 8, 1996.

Tom Udall, Attorney General, Anthony Tupler, Asst. Attorney General, Santa Fe, for Plaintiff–Appellee.

Robert E. Tangora, Santa Fe, for Defendant–Appellant.

## OPINION

BOSSON, Judge.

1. Defendant appeals the district court affirmance of his metropolitan court convictions for driving under the influence of intoxicating liquor or drugs (DWI), failure to maintain traffic lane, and no proof of insurance. On appeal, Defendant challenges the admission of the breath alcohol test (BAT) results and claims that the State failed to provide him with dispatcher call records (CAD) and Department of Motor Vehicle (DMV) reports, violating his right to confrontation. We affirm the decision of the district court.

### BREATH ALCOHOL TEST

2. Defendant challenges the admission of the BAT results on two grounds: improper admission of hearsay statement and inadequate foundation provided to allow admission.

#### Hearsay Objection

3. Defendant argues that the only instances where a BAT card is admissible under the hearsay rule are in those cases where the defendant is entitled to an appeal de novo. See SCRA 1986, 7–607(A) (Repl. 1994). It appears that, even if this issue had been presented to the metropolitan court, it was abandoned on appeal to the district court. Nothing in the briefs that were presented to the district court would have alerted the district court to Defendant's argument that the BAT is inadmissible hearsay in cases not allowing an appeal de novo. See, e.g., State v. Lucero, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct.App.1986) (to preserve an issue for appeal, defendant must make a timely objection which specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon). The only argument in Defendant's district court brief was his objection to the admission of the BAT test, because the State "had not produced the proper witness to prove up the calibration of the machine." Defendant mentioned that he had argued the inapplicability of SCRA 7–607 to the metropolitan court, but he presented no argument to the district court regarding why SCRA 7–607 would be inapplicable to his case. It is our opinion that reference to an argument, allegedly made in metropolitan court, does not specifically apprise the district court of the nature of the claimed error, and, in fact, the district court did not address this issue. Finally, Defendant did not file a motion for reconsideration when the district court failed to ad-

dress this issue in its memorandum opinion. We hold Defendant abandoned this issue, and we do not address it on appeal. *Lucero,* 104 N.M. at 590, 725 P.2d at 269.

■ 4. Even if Defendant had not abandoned this issue and the BAT card were inadmissible, we would still affirm. Defendant was not convicted of having a particular blood-alcohol level. He was convicted of the more general offense of driving while intoxicated. *Compare* NMSA 1978, § 66–8–102(A) (Repl.Pamp.1994) (unlawful to drive under influence of intoxicating liquor) *with* Section 66–8–102(C) (unlawful to drive with alcohol concentration of .08 in blood or breath). The evidence presented to the metropolitan court, without consideration of the BAT results, fully supports Defendant's conviction under subsection A. *See State v. Copeland,* 105 N.M. 27, 34, 727 P.2d 1342, 1349 (Ct.App.) (evidence supported finding that the defendant was under the influence of intoxicating liquor), *cert. denied,* 104 N.M. 702, 726 P.2d 856 (1986). There was evidence that Defendant was weaving into other traffic lanes; Defendant narrowly missed hitting a truck; Defendant smelled of alcohol and had bloodshot, watery eyes; Defendant failed three field sobriety tests; Defendant admitted drinking alcohol and smoking marijuana; and the officers believed that Defendant was intoxicated. "In a bench trial, the trial court is presumed to have disregarded improper evidence, and erroneous admission of evidence is not reversible error unless it appears the trial court must have relied on it in reaching its decision." *See State v. Roybal,* 107 N.M. 309, 310, 756 P.2d 1204, 1205 (Ct. App.), *cert. denied,* 107 N.M. 267, 755 P.2d 605 (1988). Therefore, in light of the overwhelming evidence of Defendant's guilt, admission of the BAT card, if erroneous, was harmless. *Id.* at 312, 756 P.2d at 1207 (holding admission of challenged evidence is harmless error where the record contains other properly admitted evidence that independently establishes guilt). We affirm on this issue.

*Proper Foundation for Admission of BAT*

■ 5. Defendant also argues that more foundation is required than just the testimo-

ny of the testing officer to admit the BAT card into evidence. Because we hold that any error in admission of the BAT card is harmless, we need not address this issue. Moreover, we disagree with Defendant's argument on this issue. In this case, Officer Marquez testified concerning his training in DWI investigations. He further testified that he had investigated over 1,000 DWI cases; that he was certified to give the BAT; that the machine appeared to be working properly; that he recognized the BAT card presented by the State; and that according to his training and the State Laboratories instructions, the calibration of the breath analyzing machine was within the time frame required. This is sufficient foundation for admission of the BAT card. *See State v. Cavanaugh,* 116 N.M. 826, 829, 867 P.2d 1208, 1211 (Ct.App.1993) (once officer testified that machine was calibrated one week prior to test, any questions about an officer's ability to give the test goes to the weight of the evidence, not its admissibility), *cert. denied,* 117 N.M. 121, 869 P.2d 820 (1994). Under *Cavanaugh,* once Officer Marquez testified that the calibration of the machine was within the required time frame, any doubts about his ability to administer the test would go to the weight, not the admissibility, of the evidence. *See also State v. Ruiz,* 120 N.M. 534, 903 P.2d 845 (Ct.App.), *cert. denied,* 120 N.M. 498, 903 P.2d 240 (1995).

*CAD AND DMV REPORTS*

■ 6. Defendant claims that he was prejudiced by the State's failure to provide him with the CAD and DMV reports prior to trial. According to Officer Gonzales, the CAD report consisted of a recording of his call to the dispatcher reciting the license plate number of Defendant's vehicle, the location of the stop, and his request for a DWI unit. The DMV report contained observations of the arresting officer and the BAT score. One copy is sent to DMV, and according to the testimony, the other copy is handed to the defendant. *See* NMSA 1978, §§ 66–8–111, 66–8–111.1 (Repl.Pamp.1994). The prosecution did not have actual possession of either the CAD report or the DMV report. The CAD report was with the Albuquerque Police Department and the DMV

194

report was with that agency. The statute does not require that the district attorney receive a copy of the DMV report. Defendant formally requested production of both reports and repeatedly moved to dismiss when they were not forthcoming.

7. Defendant relies primarily on SCRA 1986, 7–504(C) (Repl.1994) to argue that the State must actively turn over witness statements to the defense and not just maintain an "open-file policy." SCRA 7–504(C) provides:

Not less than ten (10) days before trial the prosecution and defendant shall exchange a list of the names and addresses of the witnesses each intends to call at the trial together with any recorded statement made by the witness.

Defendant argues that the State must do more than provide access; that at least in metropolitan court an "open-file" policy is not the equivalent of an "exchange" of witness statements. *Cf.* SCRA 1986, 5–501(A) (Repl. 1992) (for district courts requiring only that the state "disclose or make available to defendant" documents including witness statements); *State v. Quintana,* 86 N.M. 666, 669–70, 526 P.2d 808, 811–12 (Ct.App.) (interpreting the former rule for district courts as not requiring hand delivery to defense), *cert. denied,* 86 N.M. 656, 526 P.2d 798 (1974). Defendant interprets the metropolitan court rule as placing the burden upon each party to locate and turn over recorded statements of all witnesses each respective side intends to call at trial. *See* SCRA 1986, 6–504(C) (Repl. 1995) (same rule for magistrate court as metropolitan court).

8. Both Defendant and the State offer some interesting arguments in support of their respective positions. However, we need not and do not reach the merits of those arguments today, because in this case Defendant has failed to show any unfair prejudice. *See State v. Bartlett,* 109 N.M. 679, 680, 789 P.2d 627, 628 (Ct.App.1990). It is apparently undisputed that a copy of the DMV report was, in fact, delivered to the Defendant personally at the time of the incident. Defendant has not shown what happened to that report or why that did not suffice to avoid prejudice. Similarly, an accused should at least explore the "open-file policy" at the district attorney's office, the APD, and the DMV, before claiming the extreme prejudice necessary to justify an outright dismissal. Defendant made no showing of attempting to secure the reports from these other agencies. Most importantly, Defendant failed to show why a less drastic remedy, such as a brief continuance or an order to compel, would not have sufficed. Defendant did not explore those options. All Defendant really needed was an opportunity to obtain these statements prior to cross-examination. Therefore, the district court was well within its discretion to reject dismissal, absent a showing that all other recourse was inadequate or unfair. *See State v. Tomlinson,* 98 N.M. 337, 339, 648 P.2d 795, 797 (Ct.App.), *rev'd on other grounds,* 98 N.M. 213, 647 P.2d 415 (1982).

9. For the reasons stated, the decision of the district court is hereby affirmed in all respects.

10. IT IS SO ORDERED.

APODACA, C.J., and PICKARD, J., concur.