IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                                  NO. 29,072

CHRISTOPHER MONTAÑO,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Charles W. Brown, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Linda Yen, Assistant Appellate Defender
Santa Fe, NM

for Appellant

MEMORANDUM OPINION

CASTILLO, Judge.

Defendant appeals his convictions for Driving While Intoxicated (DWI) and careless driving. We proposed to affirm in a calendar notice, and Defendant has

responded with a memorandum in opposition. Unpersuaded by Defendant's arguments, we affirm.

In the metropolitan court, Defendant was found guilty of DWI under both NMSA 1978, Section 66-8-102(A) (2008), which refers to a driver being "under the influence of intoxicating liquor," and Section 66-8-102(C)(1), which refers to a driver undergoing a blood or breath alcohol test that shows an alcohol concentration of eight one hundredths or more, also referred to as "per se" DWI. In our calendar notice, we set out all of the evidence supporting the metropolitan court's determination that Defendant was guilty of DWI under Section 66-8-102(A). Because there was sufficient evidence presented to support the DWI conviction under Section 66-8-102(A), we declined to address the sufficiency of the evidence to support the DWI conviction under Section 66-8-102(C).

In his memorandum in opposition, Defendant continues to claim that the evidence was insufficient to support his DWI convictions under Section 66-8-102(A) or his careless driving conviction under NMSA 1978, Section 66-8-114(B) (1978), and that the breath alcohol test card (BAT) was inadmissible because there was insufficient evidence to show that the machine was properly certified on the date the BAT was generated. [MIO 11, 18]

**Sufficiency of Evidence for Careless Driving Conviction and DWI Conviction Under Section 66-8-102(A)**

As discussed in our calendar notice, there was evidence that Defendant swerved into the officer's lane; the officer had to slam on his brakes to avoid a collision; the officer smelled a strong odor of alcohol when he approached Defendant's vehicle; Defendant had bloodshot, watery eyes and slurred speech; Defendant failed the field sobriety tests, and Defendant admitted to having two drinks. Although Defendant provides his own explanation for the manner in which he was driving, we view the evidence in the light most favorable to the verdict, and we resolve all conflicts in the evidence in favor of the verdict. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We hold that the evidence was sufficient to support Defendant's convictions for careless driving and for DWI under Section 66-8-102(A).

**Admission of BAT Card**

Defendant claims that the metropolitan court erred in admitting the BAT card into evidence. Defendant points to testimony that the machine had been sent to the State Laboratory Division (SLD) "some months before" Defendant was given the test, and was sent again to the SLD "within days" after Defendant was tested. [MIO 12] Based on that testimony, Defendant claims that the accuracy of the test is placed in doubt, and the BAT card should not have been admitted into evidence. [MIO 13]

In our calendar notice, we pointed out that Defendant was convicted following a bench trial and, therefore, even if the BAT card should not have been admitted, it is

3

presumed that the trial court disregarded any improper evidence. We also noted that even if evidence was erroneously admitted, there is no reversible error unless it appears the trial court must have relied on the evidence in making its decision. *See State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751.

In response, Defendant contends that "the record reflects that the trial court relied specifically upon the breath test result in finding [Defendant] guilty," and therefore, the admission of the BAT card cannot be considered harmless. [MIO 15] Defendant cites to his docketing statement in support of his allegation that the metropolitan court specifically relied on the BAT card in determining that he was guilty of DWI. However, the docketing statement indicates only that the metropolitan judge commented that, based on the officer's testimony, "when the machine was not functioning properly, it had been testing low," and "such a malfunction would give [Defendant] the benefit of the doubt, so that 'it's possible that [Defendant] was even higher than the .09.'" [DS 9] Following that comment, the metropolitan judge found, "beyond a reasonable doubt [] the machine was running properly and accurately on the day that the test was administered." [MIO 15] In other words, the metropolitan judge rejected Defendant's argument that the machine had malfunctioned and as a result found Defendant guilty of "per se" DWI. Nothing in her comment about the machine "testing low" indicates she also relied on the BAT card to support her finding

of guilt as to the alternate charge under Section 66-8-102(A). As discussed above, there was ample other evidence to support Defendant's conviction under that section without considering the BAT card evidence at all. Therefore, we reject Defendant's argument that the metropolitan court "must have relied" on the BAT card for Defendant's DWI conviction under Section 66-8-102(A). As a result, even if the BAT card was erroneously admitted, such error was harmless. *See Gutierrez*, 1996-NMCA-001, ¶ 4.

Because we hold that there was sufficient evidence to support Defendant's DWI conviction based on impairment to the slightest degree under Section 66-8-102(A), we need not address the sufficiency of the evidence to support a DWI conviction under Section 66-8-102(C)(1). For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

5

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**RODERICK T. KENNEDY, Judge**