VIGIL, Judge (dissenting). {25} The majority does not take into account that the crime of DWI can be committed in different ways under Section 66-8-102, and that each has different, discrete elements. When these differences are taken into account, it is apparent that reversible error was committed by the metropolitan court judge. Since the majority disagrees, I dissent. {26} Section 66-8-102(0(1) describes one way to commit the crime. In 2006, when the complaint against Defendant was filed, this subsection in pertinent part provided: “It is unlawful for a person who has an alcohol concentration of eight one hundredths or more in his blood or breath to drive a vehicle within this state.” Day, 2008-NMSC-007, ¶ 16, 143 N.M. 359, 176 P.3d 1091 (internal quotation marks and citation omitted). I refer to this crime as “old per se DWI.” In a prosecution alleging old per se DWI for breath, the elements are: (1) “the defendant operated a motor vehicle,” and (2) “at that time, the defendant had an alcohol concentration of eight one-hundredths (.08) grams or more in two hundred ten liters of breath.” State v. Baldwin, 2001-NMCA-063, ¶ 7, 130 N.M. 705, 30 P.3d 394 (quoting the 2001 version of UJI 14-4503 NMRA) (emphasis added; brackets and inapplicable language in brackets omitted). Thus, old per se DWI is a strict liability crime. See State v. Harrison, 115 N.M. 73, 78, 846 P.2d 1082, 1087 (Ct.App.1992) (concluding that by enacting per se DWI, the Legislature intended to create a strict liability offense). It is defined in terms of a specific BAC of .08, and whether the driver is actually impaired is not an element of the offense. The Legislature has determined that it is unacceptable for any person to drive with a BAC of .08, regardless of how that level of alcohol affects any particular driver. This is why the crime has been traditionally referred to as “per se” DWI. The variations of responses which different people may exhibit to consuming identical dosages of alcohol under similar conditions is not a consideration in whether a crime was committed. However, an essential component of old per se DWI is having a BAC of .08 at the time of driving, rather than when the test is later administered. Day, 2008-NMSC-007, ¶ 16, 143 N.M. 359, 176 P.3d 1091. Thus, we held in Day (and our Supreme Court subsequently agreed, Day, 2008-NMSC-007, ¶26, 143 N.M. 359, 176 P.3d 1091) that the BAC at the time of driving must be proven by the State through scientific retrograde extrapolation evidence. Day, 2006-NMCA-124, ¶¶ 26-28, 140 N.M. 544, 144 P.3d 103. {27} Apparently in response to the difficulty of having to prove BAC at the time of driving, the Legislature amended Subsection (C)(1) in 2007, effective for cases committed after April 1, 2007. Although not applicable to Defendant’s case, I discuss this statute because the majority analysis suggests it relates to the issues raised by Defendant. The statute now provides in pertinent part that it is unlawful for a person to drive a vehicle within this state if the person has a BAC of .08 or more “within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle.” 2007 N.M. Laws, ch. 322, § 1, codified at Section 66-8-102(C)(l) (2007). I refer to this crime as “new per se DWI.” The elements for new per se DWI for breath are: (1) “[t]he defendant operated a motor vehicle,” and (2) “[w]ithin three (S) hours of driving, the defendant had an alcohol concentration of eight one-hundredths (.08) grams or more in two hundred ten liters of breath, and the alcohol concentration resulted from alcohol consumed before or while driving the vehicle.” UJI 14-4503. The crime is still a strict liability offense, and whether the driver is actually impaired is not an element of the offense. In the words of the committee commentary to UJI 1441503, “It is not necessary for the state to prove that the defendant was driving ‘while under the influence’ in order for the jury to render a guilty verdict under [Section] 66-8-102(C) [2007].” The primary difference between old per se DWI and new per se DWI is when the State must prove that the driver had the prohibited BAC of .08. Under new per se DWI, it is not necessary for the State to prove the prohibited BAC at the time of driving; it is sufficient to prove the prohibited BAC within three hours of driving. This change eliminates the requirement in most cases for the State to introduce scientific retrograde extrapolation evidence to satisfy its burden of proof. See Day, 2008-NMSC-007, ¶¶ 28-31, 143 N.M. 359, 176 P.3d 1091 (discussing two situations under new per se DWI where scientific retrograde extrapolation evidence is still necessary). {28} Section 66-8-102(A) describes a third way of committing DWI. Besides old per se DWI, this statute also applied at the time of Defendant’s trial. Under this statute, “It is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state.” (Emphasis added.) This form of DWI, which I refer to as “impaired DWI” requires that the State prove that the driver’s ability to drive was impaired by the consumption of alcohol. The essential elements of impaired DWI are: (1) “[t]he defendant operated a motor vehicle”; and (2) “[a]t the time, the defendant was under the influence of intoxicating liquor, that is, as a result of drinking liquor the defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public.” UJI 14-4501. In this species of DWI, an individual’s personal reaction to alcohol consumption determines whether a crime was committed, irrespective of the BAC. See State v. Gutierrez, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (noting that the defendant was not convicted of having a particular BAC level, but of the more general offense of driving while intoxicated). The variations of responses which different people exhibit to consuming identical dosages of alcohol under similar conditions determines whether one person commits DWI and another does not. {29} In this case, the complaint does not refer to a particular subsection of the statute. It simply alleges that Defendant violated Section 66-8-102. The BAC test was administered to Defendant forty-seven minutes after he was stopped, and the results were .07 and .08. Majority Opinion ¶8. As discussed, if the State intended to prove a violation of old per se DWI, our Day opinion required the State to introduce evidence at trial of Defendant’s BAC at the time of driving through scientific retrograde extrapolation evidence. However, as Defendant alleged prior to trial, the State had no such evidence. As such, the BAC test result was irrelevant to a charge of old per se DWI. However, the metropolitan court judge did not find Defendant guilty of old per se DWI. {30} The metropolitan court judge found Defendant guilty of impaired DWI. “[G]iven the driving, the field sobriety test, and the breath score combined together,” the metropolitan court judge concluded the State proved that Defendant was “impaired to the slightest degree.” Thus, the metropolitan court judge specifically stated that she considered the BAC test results and relied upon them in finding Defendant guilty. The metropolitan court judge did so without any evidence showing that the BAC affected Defendant’s physiology and ability to drive. That is to say, there was no evidence that the .07 and .08 test results specifically affected Defendant’s driving behavior. A .03 BAC result would not have entitled Defendant to a directed verdict regardless of his driving, and the .07 and .08 test results do not prove Defendant’s under the influence DWI without scientific evidence of how those levels of alcohol affected him specifically. Without proof, the metropolitan court judge improperly assumed that the BAC results established that Defendant’s driving was impaired because of alcohol consumption. Judges are not scientists. Without this essential link, the BAC test results were not relevant. {31} The majority concludes that the metropolitan court judge could properly consider the BAC evidence insofar as it was relevant as evidence of alcohol in Defendant’s system. Majority Opinion ¶ 14. There are two answers to this supposition. First, the metropolitan court judge clearly stated she relied on the BAC test results to conclude that Defendant was guilty of impaired DWI, and not for the limited purpose of concluding that Defendant consumed alcohol. Second, as the majority acknowledges, Officer Locke testified that when he stopped Defendant, he admitted to Officer Locke that he had consumed alcohol. Majority Opinion ¶ 3. At trial, Defendant did not deny drinking alcohol, and his passenger, who testified on Defendant’s behalf, said that they both had consumed alcohol. Therefore, whether Defendant had alcohol in his system was not at issue in the case. Compare Montoya, 2005-NMCA-078, ¶¶ 5, 18, 21, 137 N.M. 713, 114 P.3d 393 (concluding that the trial court properly excluded the BAC test result itself from the jury’s consideration when the test result could not be related to the time of driving, and properly allowed the jury to consider the BAC only to show that alcohol was in the defendant’s system when the defendant was evasive about the subject of drinking to police and passers-by who had stopped to give assistance, and the defendant would not at first submit to a blood draw authorized by a search warrant by adopting a fighting stance and telling the officers they would have to “take [him] down”) (alteration in original). {32} I respectfully disagree with the majority conclusion that the State established that the BAC test results were relevant to the issues tried in this case. Rule 11-401 (defining “relevant evidence” as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence”). They were not relevant to old per se DWI because they were not related to the time of driving, and they were not relevant to impaired DWI because the results were not related by evidence to whether Defendant was in fact impaired. Moreover, they did not tend to prove a contested issue in the case. All they did was corroborate Defendant’s admission, and evidence he himself presented, that he did in fact consume alcohol. Not being relevant, the BAC test results were not admissible into evidence. Rule 11-402 (“Evidence which is not relevant is not admissible.”). {33} Finally, I disagree with the majority that “there is no indication that [the metropolitan court judge] ‘must have’ considered the breath score in an inappropriate way.” Majority Opinion ¶ 15. The metropolitan court judge clearly and unambiguously stated that she relied on the “breath score” to find Defendant guilty of impaired DWI. The score itself was considered by the metropolitan court judge in finding Defendant guilty of impaired DWI. Therefore, this is not a case in which we can presume that the metropolitan court judge disregarded the improper evidence. See State v. Gutierrez, 1996— NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (stating that in a bench trial for DWI, it can be presumed that the trial court disregarded improper evidence, but when it appears that the trial court must have relied on the improper evidence in reaching its decision, its admission constitutes reversible error). Finally, even if the BAC evidence was somehow relevant, it was so prejudicial that it should have been excluded under Rule 11-403. The BAC evidence clearly affected the metropolitan court judge’s decision. She assumed, without evidence, that these BAC results proved Defendant’s driving was impaired by alcohol. Impaired DWI requires more than such an assumption. {34} The issues raised by this case could have been avoided if a pretrial determination had been made that the case would be tried either as a per se DWI or as an impaired DWI. This would have greatly streamlined the issues and simplified the trial. Until prosecutors voluntarily elect to proceed under one theory or another, or judges order an election pursuant to a motion, evidentiary issues such as those presented in this case will continue to arise. {35} The BAC evidence was not admissible in this DWI trial. Furthermore, even if the evidence was somehow relevant, it should have been excluded as unduly prejudicial. Since the majority has decided otherwise, I dissent.