**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    NO.   29,384

**CRYSTAL FRANKLIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

Linday Yen, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant Crystal Franklin appeals her conviction for driving under the influence of alcohol in violation of NMSA 1978, Section 66-8-102 (2005), arguing that the evidence was insufficient.  This Court filed a calendar notice proposing

summary affirmance. Defendant filed a memorandum in opposition, which we have given due consideration. We affirm the district court's judgment. [RP 68-82]

Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary. *Id.* We determine as a matter of law "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

Three witnesses testified at Defendant's trial in metropolitan court. Lieutenant Byers of the Albuquerque Police Department testified as follows. [DS 1] On April 21, 2007, at 2:10 a.m., he used radar to determine that Defendant was driving 40 miles per hour in a 30 mile-per-hour zone on Coal Avenue. [DS 1-2] After passing two cross streets, Defendant turned onto another cross street and stopped. [DS 2] As Byers walked toward Defendant's car, it started moving slowly forward. [Id.] Defendant's window was open four or five inches. [Id.] Byers ordered her to stop,

which she eventually did. [Id.] While speaking to Defendant, who had rolled her window all the way down, Byers smelled a strong odor of alcohol, and noticed that her eyes were bloodshot and watery and her speech was slurred. [Id.] Defendant acknowledged having a few drinks earlier. [Id.] Officer Byers did not observe any bad driving such as weaving or striking the curb. [DS 3] He summoned another officer, and Officer Schwartz arrived. [DS 2-3] After Byers explained what he had observed, Schwartz took over the investigation. [DS 3]

Officer Schwartz testified as follows. Upon speaking with Defendant, he observed that Defendant strongly smelled of alcohol and had bloodshot, watery eyes. [DS 4] Defendant acknowledged having two drinks. [Id.] Officer Schwartz decided to administer field sobriety tests (FSTs). [Id.] He did not notice any signs of possible impairment as Defendant exited her car. [Id.] Defendant decided to remove her shoes to take the tests. [Id.] Officer Schwartz did not inform Defendant as to what would count as a failure in performing the tests. [DS 6] Defendant performed the horizontal gaze nystagmus test as instructed. [DS 5] During the one-leg stand test, Defendant put her foot down twice and raised her arms. [Id.] On the walk and turn test, Defendant failed to touch her heel and toe on a total of eight steps out of the eighteen, and had to ask Officer Schwartz how to perform the turn. [Id.] Officer Schwartz had no trouble understanding Defendant as she answered his questions. [DS 6]

Defendant stipulated to admission of the blood alcohol test results, which were .07 and .06. [DS 7] Defendant testified that she was tired that night, and acknowledged having three drinks. [Id.] When she saw Officer Byers behind her, she had some difficulty finding a spot to pull over because cars were parked on the side of the street. [Id.] Defendant described the weather as freezing and the surface where the FSTs were administered as cold, wet, and sloping. [DS 8] Defendant testified that she wore contact lenses that made her eyes bloodshot, especially when she was tired. [Id.] She did not believe she was impaired by the three drinks she had. [DS 8-9]

Defendant's memorandum in opposition points to several purported weaknesses in the evidence presented at trial. She points out that the bloodshot eyes could have been due to her contact lenses, smoking, and fatigue; that the sidewalk where the field sobriety tests (FSTs) were performed was sloping, slippery, and cold on her bare feet; that her performance on the FSTs was only slightly deficient; that the odor of alcohol could have come from open containers found in the car; that neither an odor of alcohol nor failure to pass the FSTs is, standing alone, proof of intoxication; and that her breath test results of .06 and .07 were under the .08 threshold for per se DWI as defined at Section 66-8-102(C)(1). [MIO 9-12]

Defendant was convicted of "impaired to the slightest degree" driving under the influence, in violation of Section 66-8-102(A), which provides: "It is unlawful for a

4

person who is under the influence of intoxicating liquor to drive a vehicle within this state."

> A person is under the influence of intoxicating liquor if "as a result of drinking liquor [the driver] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to [the driver] and the public."

*State v. Sanchez,* 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (quoting UJI 14-4501 NMRA).

We conclude that the evidence described above, considered as a whole, was sufficient for the trier of fact to find beyond a reasonable doubt that Defendant was driving while impaired to the slightest degree by alcohol. Evidence that alcohol was present in her system included her own testimony that she had three drinks, her acknowledgment to the officer at the time of arrest that she had been drinking, the odor of alcohol at the time of arrest, her bloodshot watery eyes and slurred speech, and the blood alcohol test results of .07 and .06. Evidence of impairment included her delay in pulling over when the officer attempted to stop her, moving forward after she was initially stopped, and her deficient performance on the one-leg-stand and walk-and-turn FSTs. *See, e.g., State v. Gutierrez,* 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (including field sobriety test performance among the evidence that the defendant was impaired).

For the reasons set forth above, we affirm the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**RODERICK T. KENNEDY, Judge**