This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                    **No. 31,794**

**LEROY GUTIERREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals from the district court's affirmance of his conviction for aggravated DWI (first offense). [RP 87, 94] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant was convicted of DWI pursuant to the portions of the statute which prohibit both driving while impaired to the slightest degree and refusing to submit to chemical testing. *See* NMSA 1978, §§ 66-8-102(A) (2010); 66-8-102(D)(3). Defendant continues to challenge the district court's ruling that the evidence was sufficient to support a conclusion that he drove while impaired [MIO 17, 19] and that he failed to cure his initial refusal to take a breath alcohol test (BAT). [MIO 12, 17]

First, we address Defendant's continued challenge to the finding that he drove while impaired. [MIO 19] As set forth in our notice, Defendant's vehicle twice crossed from his lane into an adjacent bicycle lane [RP 92]; Defendant showed signs of intoxication— bloodshot and watery eyes, odor of alcohol, and slurred speech [RP 92]; and Defendant failed to successfully perform field sobriety tests. [RP 92] Defendant additionally admitted that he had drunk two beers prior to driving. [RP 92] We hold that the fact finder could reasonably rely on the foregoing behavioral evidence to convict Defendant for DWI. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which

2

a reasonable person would consider adequate to support a defendant's conviction); *see also State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction based on behavior evidence when the defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes); *State v. Dutchover*, 85 N.M. 72, 74, 509 P.2d 264, 266 (Ct. App. 1973) (observing that DWI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree).

We acknowledge Defendant's continued arguments that countervailing considerations undermine the sufficiency of the State's evidence that he was driving while impaired. In this regard, Defendant points out that his vehicle only entered the bike lane by one or two feet [MIO 2], that there were no bikes in the bike lane [MIO 1], and that he turned and drove appropriately in response to the officer's lights. [MIO 2, 19] Defendant also maintains that his girlfriend was trained to detect signs of inebriation and believed Defendant could drive safely [MIO 3], that his eyes were red because he worked in construction [MIO 3], and that he was not affected by the alcohol he drank earlier. [MIO 6] Lastly, Defendant emphasizes that Officer Martinez indicated in her report that his speech was "fair" [MIO 8], and that Officer Martinez—when testifying about Defendant's field sobriety tests—stated that "for the

3

most part he did what he was told to do." [MIO 8-9, 19] However, Defendant's arguments amount to an invitation to re-weigh the evidence, which we cannot do. *See generally State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (observing that the evidence must be viewed "in the light most favorable to the [s]tate," and that the reviewing court "does not weigh the evidence and may not substitute its judgment for that of the fact finder"); *see also State v. Foxen,* 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (observing that the fact finder is "not obligated to believe Defendant's testimony, to disbelieve or discount conflicting testimony, or to adopt Defendant's view").

We also disagree with Defendant's argument that field sobriety tests are not probative of impairment, because the tests were designed to correlate with specific blood alcohol concentrations. [MIO 20] Evidence of Defendant's unsatisfactory performance on the field sobriety tests was presented to illustrate his apparent inability to follow directions, maintain balance, and perform other simple tasks. These are commonly-understood features of intoxication that are probative of impairment. *See, e.g.*, *State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (observing that the subject's unsatisfactory performance on field sobriety testing, including his failure to follow instructions and lack of balance, constituted signs of intoxication which supported his conviction for driving under the influence of intoxicating liquor);

4

*State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (recognizing that most field sobriety tests are self-explanatory and address commonly understood signs of intoxication). And other evidence—Defendant's crossing into the adjacent bike lane [RP 92], the physical signs of his intoxication [RP 92], the odor of alcohol [RP 92], and his admission to drinking alcohol [RP 92]— provided the fact finder with additional evidence upon which to convict him for DWI. *See generally State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (stating that fact finders may draw on their life experiences and understanding of human behavior during a state of intoxication to draw reasonable inferences).

We next consider Defendant's continued argument that he should not have been convicted for aggravated DWI because he revoked his initial refusal to take a BAT. [MIO 12] For the reasons detailed in our notice, we affirm the district court's ruling that Defendant failed to cure his initial refusal to take a BAT. [RP 90] We do so after carefully considering the five-factor test adopted when a motorist will be permitted to revoke a refusal to submit to testing. *In re Suazo*, 117 N.M. 785, 793, 877 P.2d 1088, 1096 (1994). In particular, we consider the requirement in *Suazo* that the time for curing a refusal be within "a very short time, never more than a matter of minutes." *Id*. Here, the district court noted that Officer Martinez spent approximately ten to fifteen minutes doing paperwork after Defendant's third refusal [RP 90-91], and that

after this time Defendant changed his mind and told her he wanted to take a BAT. [RP 91] We agree with the district court that Defendant failed to cure his refusal within a reasonable period of time. [RP 92] Lastly, to the extent Defendant suggests that he delayed curing his refusal because he did not understand the consequences of his refusal [MIO 14-15], we conclude that it was for the district court to consider this argument and to determine its weight. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. To this end, the district court noted that Defendant "never claimed he failed to understand [the officer's] advising him about the consequences of refusal." [RP 91]

For reasons set forth herein and in the notice, we affirm.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**