This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38141**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ELIAS G. ACUNA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel J. Gallegos, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's judgment in an on-record appeal, affirming the metropolitan court's judgment and sentencing order convicting Defendant of aggravated driving while under the influence of intoxicating liquor (DUI). [DS 2] We issued a notice of proposed disposition proposing to affirm on the basis that Defendant had waived his only issue on appeal by not raising it in his statement of issues to the district court. [CN 2-3] Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, including an argument we construe as a motion to

amend the docketing statement, which we deny. Having duly considered Defendant's arguments, we remain unpersuaded and affirm.

**{2}**     In the notice of proposed disposition, we referenced the detailed facts set forth in the district court's order and the facts as alleged in the docketing statement, and relying on those facts, we proposed to conclude that Defendant's lack of probable cause argument was waived and cannot be addressed by this Court on appeal because Defendant did not raise the issue in his statement of issues to the district court. [CN 2] In response, Defendant contends, "The arguments in the Statement of Issues and the case law listed in the Docketing Statement all pertain to the question of whether there was reasonable suspicion for a stop," which was the issue in *State v. Contreras*, 2003-NMCA-129, 134 N.M. 503, 79 P.3d 1111, and therefore "[t]his Court should use the relevant text, and not the unfortunate captions, to determine what issue was raised." [MIO 1-2]

**{3}**     Pursuant to our review of the substance of the argument in Defendant's statement of issues in the record proper, and not the incorrect headings, we  determine that Defendant did not raise his reasonable suspicion argument to the district court. Instead, Defendant made one argument in his statement of issues—that the circumstances considered in the Court's decision in *Contreras*, 2003-NMCA-129, including the high number of DUI deaths in the State, have changed, and therefore, the district court "should address anew the issue of stops based on anonymous tips." [RP 52] Reasonable suspicion was mentioned only once in a short paragraph describing what occurred at the motion to suppress hearing. [RP 51] While Defendant cited *Contreras* in his statement of issues, which addresses "whether an anonymous tip can provide sufficient information for a police officer to form a reasonable suspicion in order to make a brief investigatory stop" for suspicion of drunk driving, 2003-NMCA-129, ¶ 1, Defendant did not argue this point in relation to his case in his statement of issues. [*See* RP 51-53] *See State v. Gutierrez*, 1996-NMCA-001, ¶ 3, 121 N.M. 191, 909 P.2d 751 (determining that on appeal to the district court, mentioning that a particular argument was made to the metropolitan court, but not presenting argument on the same issue to the district court "does not specifically apprise the district court of the nature of the claimed error").

**{4}**     The district court also noted Defendant's failure to raise this issue in its memorandum opinion, stating "[i]n the proceedings before the trial court, Defendant relied primarily on *Contreras* to argue the officer did not have reasonable suspicion to conduct a traffic stop based on the anonymous tip. On appeal, Defendant raises a different argument." [RP 71] The district court continues and states, "Defendant's sole argument is that '[t]his [c]ourt should address anew the issue of stops based on anonymous tips[,]' " because "*Contreras* was based on specific policy considerations, New Mexico's disproportionally high rate of DWI-related deaths, which no longer exist." [Id.] Consequently, Defendant has not raised any error in the facts relied upon in our proposed disposition to persuade this Court that it was error to conclude that Defendant did not properly raise his reasonable suspicion argument in the district court, and therefore, the argument is not properly before this Court. [CN 2]

**{5}** In his memorandum in opposition, Defendant also "renews his argument that this Court should revisit the decision in *Contreras* in light of the passage of time (and attendant changed circumstances) since that decision." [MIO 2] We note that this issue was not raised in the docketing statement, and we therefore construe it as a motion to amend the docketing statement. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. However, we deny Defendant's motion to amend because Defendant's asserted issue is not viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 42-44, 109 N.M. 119, 782 P.2d 91 (describing a viable argument as "colorable, or arguable, and to distinguish arguments that are devoid of any merit"), *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. As the district court pointed out in its memorandum opinion regarding this issue: (1) Defendant did not preserve the issue for appeal because this specific argument was not raised below; and (2) Defendant's reference to a newspaper article and press release is misplaced as "the two sources do not actually support Defendant's argument that changed circumstances warrant revisiting our case law." [RP 71-72] We agree with the district court's determination and conclude that Defendant's renewed argument is not colorable.

**{6}** Accordingly, for the reasons articulated in this Court's notice of proposed disposition and herein, we affirm Defendant's conviction.

**{7}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**