This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41583**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**GWENDOLYN LEE DONAHOO
a/k/a GWENDOLYN L. DONAHOO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
Daniel A. Bryant, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this

case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's judgment and sentence entered pursuant to a bench trial, in which she was found guilty of aggravated driving while under the influence of intoxicating liquor (DWI) (refusal to submit to chemical testing), possession of an open container, and failure to maintain traffic lane. On appeal, Defendant challenges the sufficiency of the evidence to support her aggravated DWI conviction. [BIC 4-9]

**{3}** The DWI statute, NMSA 1978, § 66-8-102(A) (2016), requires proof that the influence of alcohol resulted only *to the slightest degree* in the driver's diminished ability to safely handle a vehicle. *See State v. Vargas*, 2017-NMSC-029, ¶ 8 n.1, 404 P.3d 416 (explaining the origin and history of the "impaired to the slightest degree" standard). A refusal to submit to a breath test while driving impaired to the slightest degree by alcohol constitutes aggravated DWI. Section 66-8-102(D)(3).

**{4}** When assessing the sufficiency of the evidence to support a conviction, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{5}** Defendant contends that the district court erred by concluding that the State presented sufficient evidence that she was under the influence to the extent that she could not safely drive. [BIC 5-9] In support of her argument, Defendant asserts the evidence showed that she only crossed over the center line once and took her time to pull over only because she was looking for a safe place to do so. [BIC 6] Defendant also asserts that she did not stumble when exiting her vehicle and was cooperative throughout the encounter. [BIC 7] Defendant complains that during the field sobriety tests (FSTs), the officer did not demonstrate the heel-to-toe walk and stopped certain tests without noting that Defendant showed signs of impairment. [BIC 7-8] Defendant also offers alternative explanations for any signs of impairment that may have been observed. [BIC 6-8] After viewing the lapel video and hearing testimony from the arresting officer and Defendant, the district court rejected Defendant's version of events and concluded that Defendant's driving, odor of alcohol, appearance, failure to follow instructions, behavior during the heel-to-toe test, and her performance on the FSTs showed impairment. [1-20-23 CD 1:26:49-1:32:52]

**{6}**    By making her assertions about the evidence, Defendant asks us to reweigh the evidence and draw inferences contrary to the verdict. As the appellate standards of review reflect, we are not permitted to reweigh evidence and must disregard the evidence and inferences that support a different result and indulge in all reasonable inferences that support the verdict. *See Samora*, 2016-NMSC-031, ¶ 34; *Rojo*, 1999-NMSC-001, ¶ 19; *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence.").

**{7}**    Applying these principles, the evidence showed the following. The arresting officer was dispatched at 6:15 a.m. to locate Defendant who had just driven away from a domestic incident. [1-20-23 CD 11:28:25-11:29:05] The officer located Defendant's vehicle entering a four-lane highway onto the middle lane and observed her swerve out of her lane a good distance and then swerve back into the middle lane. [Id. 11:29:27-11:30:19] The officer turned on his emergency lights to attempt to pull her over, but Defendant drove for another half-mile before pulling over, and did so on the left side of the road, rather than the right. [Id. 11:31:55-11:34:07, 1:26:49-1:29:02] During the encounter, the officer smelled alcohol in Defendant's vehicle and emanating from Defendant's person and noticed she had bloodshot, watery eyes. [Id. 11:56:33-11:57:16] Defendant admitted to drinking wine twelve hours earlier. [Id. 11:57:17-11:57:37] During the FSTs, Defendant could not follow instructions, even after multiple attempts on several tests. [Id. 11:58:51-12:02:40] After about five failed attempts on the walk-and-turn test, the arresting officer stopped the test because he believed Defendant's inability to follow instructions posed a safety problem with traffic on the road. [Id. 12:01:04-12:01:45] During the testing, Defendant gave conflicting answers as to whether she had a physical injury that would prevent her from performing on the tests [Id. 12:00:05-12:01:03, 12:01:47-12:02:12], and the officer did not see any indication to support her later claim that she had a broken toe [Id. 12:36:05-12:36:32]. The officer also testified that a driver's ability to follow an officer's instructions is part of the FSTs. [12:01:04-12:01:40] In addition, another officer on the scene found an open bottle of Vodka in Defendant's vehicle that was mostly empty. [Id. 11:57:38-11:58:50] And lastly, Defendant refused to submit to a breathalyzer when asked to do so. [Id. 12:04:43-12:05:46]

**{8}**    Viewing the evidence in the light most favorable to the verdict, we hold that the evidence—that Defendant swerved out of her lane, took a long time to pull over and did so in the left lane, smelled of alcohol, admitted to drinking, had bloodshot, watery eyes, could not follow instructions on the FSTs, had an open container of Vodka, and refused to submit to a breath test—constitutes sufficient evidence of aggravated DWI. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M. 373, 258 P.3d 1165 (holding that sufficient evidence supported a conviction for aggravated DWI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, the defendant admitted to drinking three hours earlier, and the defendant refused to submit

to chemical testing after being read the Implied Consent Act); *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (stating that a fact-finder "may infer [a d]efendant's consciousness of guilt and fear of the test results from [a d]efendant's refusal to take a breath test"), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110; *State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction based on behavior evidence when the defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes).

**{9}** Based on the foregoing, we affirm the district court's judgment and sentence.

**{10}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**