This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41900**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**AMBER MONARCO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}**     Defendant appeals from a judgment and sentence convicting her of aggravated driving while under the influence of intoxicating liquor or drugs (DWI) (0.16 or above) and having an open container. [RP 156] Defendant contends that she received ineffective assistance of counsel below. "We review claims of ineffective assistance of counsel de novo." *State v. Pitner*, 2016-NMCA-102, ¶ 14, 385 P.3d 665 (internal quotation marks and citation omitted).

**{3}**     "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* Defendant asserts that "[t]he parties do not dispute that the conduct underlying the charges happened completely in Rio Arriba County" instead of San Juan County where Defendant was tried. [BIC 8] Defendant contends that her trial counsel's performance was deficient because her trial counsel did not file a motion to dismiss based on venue until after the ninety days allotted to make such a motion in Rule 5-601(E) NMRA. [BIC 6]

**{4}**     Regardless of whether Defendant's trial counsel was deficient for this reason, we fail to see how Defendant has established that the alleged deficient performance prejudiced her defense. In this regard, Defendant provides us with no relevant legal authority and asserts only that "counsel's failure to timely file [the motion] meant that, instead of having the case against [Defendant] dismissed, [Defendant] stood trial and was convicted in San Juan County." [BIC 9] However, "[t]o show actual prejudice, there must have been a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lukens v. Franco*, 2019-NMSC-002, ¶ 17, 433 P.3d 288 (internal quotation marks and citation omitted). Such is not the case as a matter of law, because New Mexico jurisprudence establishes that venue can be waived by a defendant, and that silence as to the issue constitutes such waiver. *See State v. Lopez*, 1973-NMSC-041, ¶ 16, 84 N.M. 805, 508 P.2d 1292. We additionally fail to see how the result would have been different had Defendant's case been dismissed and tried in Rio Arriba County. The State's evidence was significant. *See State v. Roybal*, 2002-NMSC-027, ¶ 25, 132 N.M. 657, 54 P.3d 61 ("[E]ven if counsel's performance is deficient, [a d]efendant is not entitled to a new trial unless, considering the totality of the evidence, a reviewing court determines that there is a reasonable probability that, absent the errors, the fact[-]finder would have had a reasonable doubt respecting guilt." (internal quotation marks omitted and citation omitted)).

**{5}**     A New Mexico State Park Ranger contacted Defendant while she was inside her vehicle and while the vehicle was parked on the side of the road with the engine running. [BIC 2] According to the record, Defendant indicated that she had just left the lake parking lot approximately five minutes earlier, had driven to the location where they were located, and was planning on heading home soon. [RP 36, 106] *See* UJI 14-4509 NMRA (requiring the state to prove as an element of aggravated DWI that the defendant operated a motor vehicle). During the encounter, Defendant exhibited signs of intoxication, which included the strong smell of alcohol on her breath, bloodshot eyes,

and poor balance. [BIC 2; RP 33, 36] *See State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction based on behavior evidence when the defendant smelled of alcohol, and had bloodshot, watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes). Defendant admitted to drinking two 16-ounce beers. Also present was a half-full handle of whiskey located on the passenger side floorboard, which Defendant and her passenger indicated Defendant had drank from. [BIC 2; RP 36] *See id.* Defendant then declined to perform the standardized field sobriety tests and ultimately registered breath alcohol levels of 0.23 and 0.24 grams per 210 liters of breath on an Intoxilyzer, well above the legal limit. [BIC 2; RP 36] *See* UJI 14-4509 (requiring the state to prove as an element of aggravated DWI that the defendant had an alcohol concentration of .16 grams or more in 210 liters of breath); *State v. Sanchez*, 2001-NMCA-109, ¶ 9, 131 N.M. 355, 36 P.3d 446 ("The [s]tate can use evidence of a driver's refusal to consent to the field sobriety testing to create an inference of the driver's consciousness of guilt."). Consequently, we conclude Defendant has not met her burden in showing that the alleged deficient performance of her trial counsel prejudiced her defense and, therefore, affirm her convictions. *See Lukens*, 2019-NMSC-002, ¶ 19 ("A court may dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice to avoid deficient performance analysis if this simplifies disposition." (internal quotation marks and citation omitted)).

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**