This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42530**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ADAM JULIO GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Vidalia Chavez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals his conviction for driving under the influence of liquor or drugs (DWI). We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant maintains that reversal is required because there was insufficient evidence supporting his conviction for DWI. [MIO 5] Specifically, Defendant asserts that there was insufficient evidence that he was driving while impaired to the slightest degree. [Id.] In our proposed disposition, we suggested that there was substantial

evidence of impairment based on Defendant's driving behavior, admission to consuming alcohol, the odor of alcohol emanating from Defendant, and Defendant's decision not to perform the standardized field sobriety tests (SFST). [CN 3] *See State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction on the theory that the defendant was impaired to the slightest degree based on behavior evidence when the defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes); *State v. Sanchez*, 2001-NMCA-109, ¶ 9, 131 N.M. 355, 36 P.3d 446 (holding that evidence of the defendant's refusal to consent to standardized field sobriety tests, along with other indicators such as the odor of alcohol, babbling speech, and an admission to drinking, were sufficient to create an inference of impaired driving for the purpose of establishing probable cause to make an arrest). We also note that, although not mentioned in the docketing statement, Defendant's memorandum in opposition indicates that there was testimony that Defendant had slurred speech and bloodshot, watery eyes during his interaction with police, which are also facts that support a finding that Defendant was impaired to the slightest degree. [MIO 2-3] *See Schuster v. N.M. Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶¶ 30-31, 283 P.3d 288 (observing that probable cause to arrest for DWI existed based on the defendant's bloodshot, watery eyes, odor of alcohol, admission to drinking, and poor performance on standardized field sobriety tests); *see also Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (construing Rule 12-208(D)(3) NMRA to include the requirement that the appellant provide all the facts that support affirmance).

**{3}** Defendant's memorandum in opposition does not dispute our proposed conclusion that these facts establish that he was impaired to the slightest degree. Instead, Defendant makes several assertions regarding the weight of the evidence before the trial court, including that there was no testimony as to the exact speed Defendant's vehicle was traveling and that one of the testifying officers did not "explain how the changing of lanes was erratic driving." [MIO 6] We construe these assertions as requests to reweigh the evidence before the trial court to reach a different conclusion, which we decline to do. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence."). We therefore conclude that there was substantial evidence supporting Defendant's conviction for DWI. *See State v. Anderson*, 1988-NMCA-033, ¶ 8, 107 N.M. 165, 754 P.2d 542 ("The question is whether the trial court's result is supported by substantial evidence, not whether the trial court could have reached a different conclusion.").

**{4}** Lastly, we understand that the metropolitan court convicted Defendant of DWI under the theory that he was impaired to the slightest degree, and not for per se DWI. [DS 3] *See State v. Gurule*, 2011-NMCA-042, ¶ 7, 149 N.M. 599, 252 P.3d 823 (explaining the difference between the impaired to the slightest degree and per se standard for DWI). The criminal complaint indicates Defendant was charged under

NMSA 1978, Section 66-8-102(A) (2016), and the evidence presented by the State supports the conclusion that Defendant could only be convicted of DWI, impaired to the slightest degree. *See id.* Consequently, the judgment and sentence addendum indicating Defendant was convicted of DWI "(.08 Or Above)" appears to have been a result of clerical error, for which a metropolitan court has authority to correct at any time. *See* Rule 7-704(B) NMRA ("Clerical mistakes in judgments, final orders or other parts of the file and errors therein arising from oversight or omission may be corrected at any time on the judge's own initiative or on the request of any party after such notice to the opposing party, if any, as the judge orders."). Therefore, in addition to affirming Defendant's conviction for DWI, impaired to the slightest degree, we remand for the metropolitan court to enter an amended judgment and sentence correcting the clerical error.

{5}     IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**GERALD E. BACA, Judge**